| | |
|---|---|
| Jacob A. Gillick, SBN 312336<br>jgillick@PHGLawGroup.com<br>PHG Law Group<br>501 West Broadway, Suite 1480<br>San Diego, CA 92101<br>Telephone: (619) 826-8060<br>Facsimile: (619) 826-8065<br><br>Attorneys for Plaintiffs | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO, LLC, ZEETOGROUP, LLC<br><br>Plaintiffs,<br><br>v.<br><br>FLEX MARKETING, LLC and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 3:23-cv-01167-LL-BGS<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT PURSUANT TO 17 USCS CHAPTER 5;<br><br>2. UNFAIR COMPETITION PURSUANT TO CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.; AND |

## I.
## **INTRODUCTION**

1. Oscar Wilde once said that "imitation is the sincerest form of flattery that mediocrity can pay to greatness." While Plaintiff Tibrio, LLC ("Tibrio") may be flattered by Defendant Flex Marketing, LLC's ("Flex") imitation of its intellectual property through its properties DLZ Offers and Consumer Concierge, it still constitutes copyright infringement and the failure to comply with California's Unfair Competition laws.

2. Over the years Tibrio has tested out thousands of aspects spending millions of dollars to identify and copyright the most successful "recipes" for engaging with consumers on their digital properties. This involves a series of carefully calculated steps to attract and engage consumers in a way where they are comfortable and willing to share information with Tibrio's sites. The information gathering includes providing valid contact information and/or answering a series of questions to see if the consumer may be interested in specific services or items from Tibrio's advertiser clients.

3. While this process may seem simple, Tibrio has spent millions of dollars figuring out a precise set of recipes to maximize the percent of consumers who choose to engage on their properties. This includes, but is not limited to, the image of the promotional item(s), the headline and body copy, the layout, the shape and color of different buttons, and/or backgrounds, as well as the phrasing of disclosures. Each tiny aspect of the advertisement and process, including but not limited to the order they appear, are tested against alternatives allowing Tibrio to use the "recipes" which result in the best conversions (measured by quantity and quality). In 2015, ZeetoGroup, LLC ("Zeeto") copyrighted their Registration Path as VAu001223994 and Advertisements as VAu001210063.

/ / /

/ / /

4. In 2023 it was brought to Tibrio's attention that advertisements on Defendants' website, Buzzworthysamples.com, were similar if not identical to Tibrio's ads placed on thesavvysampler.com. Below is a side-by-side comparison of the two ads:



5. Flex misappropriated the image, the copy, symbols, and the button shape/phrasing which are registered copyrights of Plaintiff. Each of these aspects were painstakingly developed by Tibrio and Zeeto over the years and registered with the United States Copyright Office.

6. Defendants also copied certain parts of Tibrio's consumer information gathering page.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

[Side-by-side screenshot comparison of two websites: buzzworthysamples.com (left) and thesavvysampler.com (right), both showing similar "Welcome!" forms for a free Adidas item with Order In Process, Cost $0.00, Shipping $0.00, Total $0.00, and a green CONTINUE button.]

7. As described further below, Defendants have shamefully used Tibrio's property without permission which has caused damages. This kind of behavior is unlawful, intentional, constitutes copyright infringement, and confuses consumers as to who they are entrusting their information to.

8. Tibrio seeks the remedies as described herein in order to protect its copyright and the hard work/investment it has made over the years to be successful in the difficult world of lead generation.

## II.
## PARTIES

9. Plaintiff Tibrio, LLC ("Tibrio"), is a Delaware Limited Liability Company conducting business in San Diego, California and owns and operates the website thesavvysampler.com. In 2023 Tibrio discovered that Defendants were using its copyrighted property by intentionally copying and pasting direct advertisements which had been developed over the years by Tibrio through large financial investments. Plaintiff has suffered severe harm due to these actions.

/ / /

10. Plaintiff ZeetoGroup, LLC ("Zeeto") is a Delaware Limited Liability Company conducting business in San Diego, California and owns the copyright for Registration Paths and Advertisements used by Tibrio. In 2023 Zeeto was informed that Defendants were using its copyrighted property by intentionally copying and pasting direct advertisements which had been developed over the years by Zeeto and Tibrio through large financial investments. Plaintiff has suffered severe harm due to these actions.

11. Defendant Flex Marketing, LLC ("Flex") is headquartered in New York City, New York and runs two websites, DLZ Offers and Consumer Concierge. Flex is an online advertising company that offers free samples in exchange for signing up with affiliate programs. Beginning in or around late 2022, Flex's website buzzworthysamples.com, copied and pasted Tibrio's copyrighted property for its own gain. This has caused Tibrio substantial damages for which it seeks remedy here.

12. The true names and/or capacities, whether individual, corporate, associate, partnership, trust, or otherwise of defendants DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that defendants fictitiously named herein as a DOE was legally responsible, negligently, or in some other actionable manner, for the events and happening hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to allege the true names and capacities of these DOES and when they have been ascertained.

///
///
///
///
///

## III.
## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over Plaintiff's Copyright claims. The court has supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. Sections 1391(b)(1) and (2).

14. This Court has jurisdiction and venue is proper over Defendants because the events complained of occurred in San Diego County.

## IV.
## STATEMENT OF FACTS

15. Tibrio, LLC ("Tibrio") owns and operates many different properties, including the website thesavvysampler.com. This site specifically brings in visitors by promising sponsored products ranging from snack foods to athletic clothing.

16. In order to make money, Tibrio has developed a proprietary platform (the "Platform") to collect information from consumers who visit their websites.

17. Upon visiting thesavvysampler.com specifically, a consumer is presented with a list of different products to choose from. Once a consumer has decided what they want, they are either re-directed to an advertiser's website ("linkout") or are asked a series of questions regarding demographics and interests in exchange for the free sample ("opt-in"). This type of website/strategy is called "Co-Registration." This path was registered by ZeetoGroup, LLC ("Zeeto") with the United States Copyright Office on May 21, 2015 under registration number VAu001223994.

18. Tibrio makes money with this process by either selling the consumers information to advertisers or allowing advertisers to put ads on the websites. In order to command the highest price possible, Tibrio has spent years developing thousands of details which attract visitors and encourage them to click on an advertisement. The advertisements have been copyrighted with the United States Copyright Office on March 30, 2015 as VAu001210063.

19. The details which make Tibrio's websites different, and more profitable, include the way some questions are asked for the opt-in; the style of a border around an advertisement; what type of incentive is offered by an advertiser; and, the overall appeal of the website. It took Tibrio years of research and millions of dollars in investments to learn the best recipe for success as thousands of aspects on the website required testing against the older version to see which will be more successful. Something as simple as the style of border around an advertisement may increase overall sales by 7%. This is why customers agree to work with Tibrio.

20. Tibrio believes that it is their system and painstaking research employees that has made the concept a success for so long. Researching what method works the best, and actually building the websites tailored to that research, is what made Tibrio the success it was before its design was stolen.

21. The market in which Tibrio conducts business is highly saturated and in order to gain traction and command a higher price, a company must stand out. Many of the advertisers have a limited and capped budget. Money spent on other ad sites like Tibrio, immediately detracts from Tibrio's bottom line. In essence, for cyber advertisers it is a zero-sum game.

22. Buzzworthysamples.com ("Buzzworthy") is an "independent rewards program that administers [websites] for consumers" created in August of 2022. Based on information and belief, the website buzzworthysamples.com is owned and operated by DLZ Offers and Consumer Concierge. According to its website, Buzzworthy is an "independent rewards program that administers [websites] for consumers. . . Completion of the rewards program will require a purchase of entering into a paid subscription program, and credit card offers may also require you to activate the card by making a purchase, transferring a balance and/or taking a cash advance."

///

23. In early 2023, it was brought to the attention of Tibrio that the copyrighted imagery and intellectual property it has invested years of research in is flagrantly being used by Buzzworthy.

24. One of the initial steps in creating an advertisement for Tibrio's properties includes taking a picture of the item being promoted. In 2018, Tibrio's employee Ian Straton took pictures of Adidas items (below) for an advertisement which Buzzworthy has cut and paste for its own advertisements.



25. Another step in the process of creating an advertisement is the "copy" or language to entice the user to continue on with the process. This includes but is not limited to testing of different colors, punctuation, wording, emojis, shapes, and symbols. Millions of dollars have been spent over the years by Tibrio to determine the exact language to accompany different incentive images it uses across its properties. Buzzworthy took the exact language, symbols, image, copy, button, and disclosures used and developed by Tibrio.

/ / /

26. Once Tibrio has obtained the attention of the consumer and caused them to click on the advertisement, they are brought to a page to enter in their information in exchange for the promoted item. This is an important stage of the process because if the information is not obtained with consent to be shared, there is very little benefit to the consumer interaction. Therefore, just like the first ad, thousands of different aspects of the data collection phase is carefully tested and planned to maximize the chance the consumer will fill in their information. This includes promoting the item, not getting them bogged down in too much copy, appearing inviting, and crafting the shape/color of the continue button. As shown below, Buzzworthy has copied and pasted the aspects of Tibrio's strategy/imagery, copyrighted data, and intellectual property.

27. Tibrio possesses exclusive rights to reproduce, distribute, display, platform, or create derivative works based on the copyrighted material. Defendants have directly violated the exclusive rights by copying the pages and items as described above. This has caused actual and statutory damages for which Plaintiff seeks herein.

# V.

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION

COPYRIGHT INFRINGEMENT PURSUANT TO 17 USCS CHAPTER 5

(Plaintiff Against Defendants and DOES 1-100)

28. Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

29. "The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of sections 411, to institute an action for the infringement of that particular right committed while he or she is the owner of it." 17 U.S.C.S. § 501 subd., (b).

30. "[A]n infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C.S. § 501 subd., (a)(1)-(2). "The court in its discretion may allow the recovery of full costs by or against any party. . . the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C.S. § 505.

31. Based on information and belief, the ads created by Buzzworthy were not done at the direction of users or outside sources to qualify for the requirements of 17 U.S.C.S § 512 subd., (c)(3). Nonetheless, out of an abundance of caution, Plaintiff has served a notice pursuant to the code in the event the misappropriation was not at the direction of users.

32. To establish infringement, two elements must be proven, (1) ownership of a valid copyright, and (2) copying of constituted elements of the work that are original. *Feist Publ'ns, Inc. v Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991).

///

33. As described herein and evident from the images taken directly of the thesavvysampler.com's webpage, which is owned by Plaintff, and Buzzworthy's webpage, Tibrio owns the creatives including the picture of items and the specific combination of colors, shapes, phrasing, and copy to create the advertisement and data collection page. Tibrio has owned this copyright since 2018.

34. As early as August of 2022 all the way through the present, Buzzworthy has been intentionally stealing the copyrighted property of Zeeto for its own improper gain. Therefore, Tibrio seeks the remedies as described herein.

35. Defendants were unjustly enriched when it misappropriated the copyright of Tibrio to receive a benefit they would not have otherwise achieved.

36. Tibrio demands it receive the benefit of its own hard work improperly misappropriated for gain by Defendants.

## SECOND CAUSE OF ACTION

## UNFAIR COMPETITION PURSUANT TO CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.

(Plaintiff against Defendants and DOES 1-100)

37. Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

38. Unfair competition, pursuant to California's Unfair Competition Laws ("UCL"), shall mean and include any, (1) unlawful, (2) unfair or, (3) fraudulent business act or practices. Cal. Bus. & Prof. Code, § 17200. Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. Bus. & Prof. Code, § 17203. The court may make such orders or judgment as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property. *Ibid.*

///

39. With respect to the UCL, anything that can properly be called a business practice, and that is at the time prohibited by law, can serve as a predicate for *unlawful* actions. *Stevens v. Superior Court*, 75 Cal.App.4th 594, 602 (1999). Defendants' actions here are unlawful because they violate copyright standards as alleged in the First Cause of Action.

40. Determination of whether a business practice is *unfair* entails examination of the impact of the practice or act on its victim, balanced against the reasons, justification, and motives of the alleged wrongdoer. *Progressive West Ins. Co., v. Yolo County Superior Court,* 135 Cal.App.4th 263, 285 (2005). Defendants' actions here are unfair as they stole the property of Tibrio for its own gain.

41. With regards to fraudulent, the advertisements of Buzzworthy are likely to confuse the consumer into thinking that the advertisements are from thesavvysampler.com or another Tibrio property.

42. Based on the breach of the Unfair Competition Act, Plaintiff requests the remedies as described herein including statutory, actual, and punitive damages along with the recovery of attorney's fees and costs.

43. Defendants were unjustly enriched when it misappropriated the copyright of Tibrio to receive a benefit they would not have otherwise achieved.

44. Tibrio demands it receive the benefit of its own hard work improperly misappropriated for gain by Defendants.

## VI.
## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Damages in an amount to be proven at trial;
2. For reasonable attorney's fees;
3. For prejudgment and post judgment interest, according to proof;
4. For costs of suit incurred herein; and,

///

12

5. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

**PHG Law Group**

Dated: July 28, 2023

*s/ Jacob A. Gillick*
Jacob A. Gillick, Esq.
jgillick@PHGLawGroup.com
Attorneys for Plaintiffs