Derek A. Newman (SBN: 190467)
*derek@newmanlaw.com*
Lindsey Pierce (SBN: 334925)
*lindsey@newmanlaw.com*
NEWMAN LLP
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Telephone:     (310) 359-8200
Facsimile:      (310) 359-8190

Counsel for Defendant
Flex Marketing, LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIBRIO, LLC, ZEETOGROUP, LLC, <br><br>　　　Plaintiffs, <br><br>　v. <br><br>FLEX MARKETING, LLC and DOES 1-100, inclusive., <br><br>　　　Defendants. | Case No. 3:23-cv-01167-LL-BGS <br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FLEX MARKETING, LLC'S MOTION TO DISMISS** <br><br>The Honorable Linda Lopez <br><br>Hearing Date: October 4, 2023 <br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

## INTRODUCTION

Plaintiffs Tibrio, LLC's and ZeetoGroup, LLC's (together, "Tibrio") First Amended Complaint ("Amended Complaint"), ECF No. 12, claims that Defendant Flex Marketing, LLC copied Tibrio's web advertisement and consumer data-collection webpage, works allegedly created in 2018. It alleges copyright infringement and violations of California's unfair-competition law. The Amended Complaint fails to state a claim for relief and should be dismissed.

Tibrio's first claim, for alleged copyright infringement of the 2018 works, fails to plead either of the threshold requirements of a copyright-infringement claim: (1) ownership of a valid copyright, which requires ownership of a Copyright Office registration for the allegedly infringed work, and (2) copying of protectable elements of the allegedly infringed work. Tibrio's Amended Complaint fails to plausibly plead either requirement.

First, although the Amended Complaint alleges copyright registrations obtained in 2015, it does not allege that the 2018 works are registered with the Copyright Office. It is not possible—much less plausible—that works created in 2018 were registered in 2015, three years before they existed.

Second, Tibrio fails to plead copying of protectable elements of the 2018 works. Instead of alleging that the works warrant protection against copying based on their original, creative elements, as required, Tibrio relies on similarities in unprotectable elements such as font size, generic advertising terms (like "Order in Process" or "Free Shipping") or standard user-interface conventions (like a button labelled "Continue"). It also alleges that the works both contain a photograph taken by a Tibrio employee in 2018, but as noted above, it does not allege any copyright registration for works created in 2018 and could not plausibly have obtained a registration for a photograph three years before it was taken. Aside from those unprotectable elements, the works consist of different text, formatting, and design elements which cannot support allegations of similarity required for an

infringement claim.

Tibrio also alleges that it is entitled to relief because it spent years and millions of dollars developing and creating the 2018 works. These allegations are irrelevant because copyright law protects original expression, regardless of the effort or cost.

Tibrio's second claim, for unfair competition, is expressly preempted under federal law. The Copyright Act expressly preempts state-law claims based on rights equivalent to copyright protections. Tibrio's unfair-competition claim alleges that Flex misappropriated and used Tibrio's copyrighted work for its own website— precisely the subject matter protected under the Copyright Act.

Tibrio already amended its complaint in an effort to address these defects. Further amendment would be futile, and its Amended Complaint should be dismissed without leave to amend.

## FACTUAL BACKGROUND

Tibrio owns and operates the website "thesavvysampler.com" and alleges that Flex is responsible for the website "buzzworthysamples.com." *Id.* ¶¶ 4, 9, 11. On June 23, 2023, Tibrio, LLC filed a complaint against Flex alleging copyright infringement and violation of California's unfair-competition law, Business and Professions Code § 17200. ECF No. 1. Both claims allege that Flex copied Tibrio's online ad and webpage. Flex met and conferred with Tibrio about an anticipated motion to dismiss on the grounds that (1) Tibrio failed to allege that the copyrighted work was registered with the Copyright Office and (2) the unfair-competition claim was preempted by the Copyright Act.

On July 28, Tibrio filed its Amended Complaint asserting the same two claims. ECF No. 12. It alleges that Flex copied an advertisement and parts of a consumer-information gathering page. *Id.* ¶¶ 4, 6. It alleges that Flex's webpage was copied from Tibrio's: "Flex misappropriated the image, copy, symbols, and the button shape/ phrasing," which "were painstakingly developed by [Tibrio] over the years and registered with the United States Copyright Office." *Id.* ¶ 5.

Tibrio claims it spent years and millions of dollars to develop online ads and webpages. *Id.* ¶ 19.

The Amended Complaint includes side-by-side comparisons of the parties' ads and webpages. *See id.* ¶¶ 4, 6, 24, 27. Each ad prominently displays the business name and logo name at the top—thesavvysampler (Tibrio) and buzzworthysamples (Flex). *Id.* Language at the top of each ad includes "Absolutely Free," "Free Shipping," and "No Credit Card." *Id.* In Tibrio's ad, "Absolutely FREE!" is in a blue font with "FREE" in all capital letters followed by an exclamation mark, while Flex's ad includes that term in near-black font without punctuation or all capital letters. *Id.* Each ad contains a photo of the same Adidas product, which Tibrio alleges was taken by its employee in 2018 as an initial step to creating the ad. *Id.* ¶ 24. Under the product photo, a button labelled "I'll take it" allows a consumer to advance to the next purchasing step. Tibrio's purchase button appears in bright green, while Flex's button is a shade of black. *Id.* ¶ 4, 24. The entire background of Tibrio's ad is beige, while Flex's is white. *Id.*

Tibrio also includes side-by-side comparisons of the "consumer information gathering page" that Flex allegedly copied. *Id.* ¶¶ 6, 27. Each business's website name and logo also appear at the top of these webpages. The words "Order in Process, "Cost," "Shipping," and "Total" appear at the top of each page. Tibrio's webpage displays an area for consumers to enter their zip code, which states "Welcome!" in blue font, and "enter a shipping zip code for this free item" in red font. *Id.* Under a space for consumers to enter their zip code, there is a green "Continue" button. *Id.* Flex's webpage displays an area for consumers to enter their first name, last name, and email, accompanied by a directive to "Enter your information for this free item" in black font. *Id.* Flex's webpage has a dark blue "Continue" button. *Id.* Tibrio's background is beige, while Flex's is light gray. *Id.*

Tibrio's First Cause of Action, for copyright infringement, alleges that Flex copied Tibrio's advertisement and data collection webpages by copying and

displaying the picture of items and "combination of colors, shapes, phrasing, and copy." *Id.* ¶ 33. Tibrio claims to have owned this copyright since 2018. *Id.*

Tibrio's Second Cause of Action, for state unfair-competition, alleges that Flex "violated[d] copyright standards as alleged in the First Cause of Action" and misappropriated Tibrio's properties. *Id.* ¶ 39. It also alleges that Flex's advertisements are likely to confuse the consumer into thinking that the advertisements are from thesavvysampler.com or another Tibrio property. *Id.* ¶ 41.

On August 17, Flex sent Tibrio a letter detailing the grounds for this motion to dismiss the Amended Complaint, which were essentially the same as those raised with respect to the initial complaint. Flex cautioned that if Tibrio did not further amend or dismiss its claims, Flex would bring a motion to dismiss as well as a Rule 11 motion for sanctions for filing its Amended Complaint with baseless factual contentions about copyright registrations for the allegedly infringed 2018 works despite only having registrations from 2015. Tibrio refused to amend or withdraw.

## ARGUMENT

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should dismiss any claim based either on a lack of a cognizable legal theory or insufficient facts alleged under a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959–60 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Courts accept as true all well-pleaded allegations of material fact but are not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013). Although a court may grant leave to amend, leave need not be granted if amendment would be futile or the plaintiff failed to cure deficiencies despite

repeated opportunities. *Yellowcake, Inc. v. Morena Music, Inc.*, 522 F. Supp. 3d 747, 757 (E.D. Cal. 2021).

## A. Tibrio failed to allege sufficient facts to state a claim for copyright infringement.

Copyright infringement has two basic elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 353 (1991). Ownership requires a plaintiff to "plausibly allege it owns a valid copyright registration…." *Yellowcake*, 522 F. Supp. 3d at 760. Tibrio has not alleged either element.

### 1. Tibrio's copyright-infringement claim fails to state a claim for relief because it does not allege infringement of a registered work.

A plaintiff may not file a lawsuit for copyright infringement until it has obtained a copyright registration for that work. 17 U.S.C. § 411; *see also Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019) (affirming dismissal of infringement claim for unregistered work). A plaintiff who has not plausibly alleged that it owns a valid copyright registration for its works has not sufficiently pleaded ownership of a copyright, as required to bring an infringement claim. *Yellowcake*, 522 F. Supp. 3d at 760. Dismissal is appropriate where a plaintiff attempts to rely on "vague allegation[s]" about claimed registrations. *See Logan v. Meta Platforms, Inc.*, 636 F. Supp. 3d 1052, 1059 (N.D. Cal. 2022).

Here, Tibrio has twice failed to satisfy the threshold requirement that it plead infringement of a registered work. Its initial Complaint did not allege any registrations. ECF No. 1. Tibrio's Amended Complaint references ownership of registrations from 2015. Am. Compl. ¶ 3. But the allegation that the registrations cover the allegedly infringed works is not plausible because the advertisement and data-collection webpage at issue were created in 2018—years after the 2015 registrations. Tibrio claims that it took photos of an Adidas product and used this photo to create its advertisement—the work at issue—which Flex then copied. But

the Adidas product photo and advertisements at issue were created in 2018: "In 2018, Tibrio's employee [] took pictures of Adidas items… for an advertisement which Buzzworthy has cut and paste for its own advertisements." Am. Compl. ¶ 24. Yet the referenced copyright registrations are from 2015. *Id.* ¶¶ 17, 18. Given that the works at issue were created years after the alleged registrations, Tibrio has not plausibly alleged ownership of an infringed registered copyrighted work. The court need not accept as true the implausible—or more accurately, impossible—allegation that the 2015 registrations cover the advertisement and webpage created in 2018. *See Logan*, 636 F. Supp. 3d at 1061.

Tibrio's "vague allegation" to registrations from years before the works at issue existed "fails to establish that the photos at issue are registered with the Copyright Office," which is grounds for dismissal of Tibrio's copyright infringement claim. *See Logan*, 636 F. Supp. 3d at 1061.

    **2.    Tibrio's copyright-infringement claim also fails to state a claim for relief because it does not allege copying of protectable elements.**

Tibrio's Amended Complaint also fails to allege the other basic element of a copyright infringement claim—"copying of constituent elements of the work that are original." *Feist*, 499 U.S. at 353. Dismissal is appropriate if the court concludes that similarities between the two works pertain only to unprotected elements. *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1131 (C.D. Cal. 2007). To determine which elements qualify for protection, courts first subtract unoriginal, unprotectable elements to determine whether the remaining features qualify. *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003). Elements that are necessary or standard to a given idea are unprotectable ideas, not protectable expression. *Id.* at 765–66. A court may determine as a matter of law that even when two digital, visual works share similar features and overall appearance, but the constituent features do not qualify for protection, the copyrighted work is not infringed. *Apple Computer, Inc. v. Microsoft Corp.*, 799 F. Supp. 1006, 1022 (N.D.

Cal. 1992) and aff'd, 35 F.3d 1435 (9th Cir. 1994). Here, Tibrio claims that Flex copied its works by taking the copy, image, symbols, and buttons, including the wording, punctuation, colors, and shapes. Am. Compl. ¶ 25. These features are not protectable and should be excluded when conducting a similarity analysis.

In *Apple Computer, Inc. v. Microsoft Corp.*, Apple sued Microsoft for allegedly copying its graphical user interface. 799 F. Supp. at 1015. The court determined whether the user interface was protectable by first analyzing whether each element qualified as an original, non-functional expression of an idea. *Id.* at 1020. The court found many features of Apple's user interface unprotectable as a matter of law, including arrangement, shapes, colors, icons, animation, and words and phrases. Similarly, the features Tibrio claims Flex copied are "so common, or so obvious, that they are unprotectable elements of works because they are only ideas or they lack originality." *See id.* at 1022. None are protectable.

First, Tibrio's advertisement-layout interface, buttons, and symbols cannot be protected under copyright law. "Familiar symbols or designs" are not subject to copyright, nor are blank forms, such as order forms. 37 C.F.R. § 202.1(a),(c). The interface of an ad containing a product picture above buttons directing consumers to purchase is an unprotectable blank form, except to the extent it contains identifiable artwork or original arrangement. *Id.* at 1039; 37 C.F.R. § 202.1(c). Nor is there a protectable arrangement—Tibrio's work is a rectangular advertisement with a purchase button centered beneath a product photo. And similar font spacing "cannot be grounds for copyright infringement." *Apple*, 799 F. Supp. at 1046.

Additionally, none of the work's functional, generic advertising copy is protectable. *See* 37 C.F.R. § 202.1(a). A short phrase is "merely an unprotectable aspect of a visual work," even if the phrase could have been expressed in a different way using alternate words. *Apple*, 799 F. Supp. 1006 at 1036. Here, the works includes ubiquitous short advertising phrases: "Welcome," "Absolutely Free," Free Shipping," "No Credit Card," "I'll take it," "Continue," and "Order in

Process." These terms are unoriginal and unprotectable given the limited number of ways to express those ideas. *See id.*

None of the remaining elements support an infringement claim, even if they were protectable, which they likely are not. First, the font and buttons in Flex's ads are bright green and bright blue, while the font and button in Tibrio's ads are shades of black. And as the *Apple* court explained, in an infringement analysis, the "use of colors in [allegedly infringing works] simply cannot be a similarity to the lack of color" in the copyright owner's works. 799 F. Supp. at 1046. Finally, the only remaining element is the 2018 Adidas photograph. But since that element didn't exist in 2015, it is not protected by the 2015 registrations.

Separately, Tibrio repeatedly alleges that it spent years and millions of dollars developing the advertisement and webpage that Flex allegedly copied, implying that such an effort entitles Tibrio to copyright protection. Am. Compl. ¶¶ 2, 3, 19, 25, 44. However, the Supreme Court has long rejected the argument that copyright protection is a reward for hard work or labor—the so-called "sweat of the brow" doctrine. *Feist*, 499 U.S. at 353. Thus, Tibrio's alleged years of effort and millions of dollars to develop the combination of phrases, colors, buttons, and symbols on its webpage are not relevant to its copyright-infringement claim. The standard requires comparing protectable elements, of which there are none.

### B. Tibrio's claim for alleged violations of California's unfair-competition law fails to state a claim because it is preempted by the Copyright Act.

The Copyright Act preempts state-law claims that "are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106." 17 U.S.C. § 301(a). Under the Ninth Circuit's two-part preemption test, first the court "determine[s] whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103." *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006) (footnotes omitted). Second, if the subject matter is within copyright, then the court considers

whether the state-law rights are equivalent to those provided to copyright holders under 17 U.S.C. § 106. *Id.* at 1137–38. Tibrio's unfair-competition claim satisfies both elements and is therefore preempted by the Copyright Act.

First, state unfair competition claims are subject to preemption when they relate to subject matter within the scope of the Copyright Act which protects "original works of authorship" 17 U.S.C. § 102(a). Here, Tibrio copyright and unfair-competition claims relate to the same subject matter: "Defendants' actions here are unlawful because they violate copyright standards." Am. Compl. ¶ 39.

Second, to survive preemption, a state-law claim must protect rights that are qualitatively different from rights protected by copyright. *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004), amended on denial of reh'g 400 F.3d 658 (9th Cir. 2005). If the state-law claim does not allege an "extra element that changes the nature of the action" from a copyright-infringement claim, it is preempted and thus subject to dismissal. *Lions Gate Ent. Inc. v. TD Ameritrade Servs. Co., Inc.*, 170 F. Supp. 3d 1249, 1265 (C.D. Cal. 2016). Here, Tibrio's unfair-competition claim alleges that Flex misappropriated Tibrio's copyrighted works. And state unfair-competition claims that assert the "same rights" as a copyright infringement claim, "namely reproduction and distribution of the copyrighted work and preparation of a derivative work," are preempted. *Id.* at 1267.

Tibrio attempts to avoid preemption by alleging that Flex's advertisements will deceive consumers as to source and are, therefore, fraudulent. Am. Compl. ¶ 41. This does not save its claims from preemption for two reasons. First, alleged consumer confusion over the source of copied copyrighted material is not "different from a copyright infringement claim…." *Id.* (dismissing state unfair-competition claim on copyright preemption grounds despite alleged consumer confusion). Second, this allegation is implausible. The term "fraudulent" under California Business & Professions Code § 17200 requires a showing that members of the public are likely to be deceived. *Puentes v. Wells Fargo Home Mortg., Inc.*, 160

Cal. App. 4th 638, 645 (2008). Such a claim may be dismissed when it is simply not plausible that a reasonable consumer would be deceived. *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 16 (N.D. Cal. 2020). When an advertisement contains no affirmative statement of misrepresentation and also truthfully discloses the information that is allegedly deceptive, it cannot deceive a reasonable consumer. Am. Compl. at 20. Flex's advertisements contain no affirmative misrepresentations and disclose Flex's website as the source. *Id.* ¶¶ 4, 6, 24, 27. It is implausible that any reasonable consumer would mistakenly believe they were looking at Tibrio's website when Flex's allegedly infringing websites are prominently marked with its address and brand—thesavvysampler.com.

### C. The court should dismiss Tibrio's claims without further leave to amend because amendment would be futile.

A court may grant dismissal for failure to state a claim without leave to amend if amendment would be futile because the pleading cannot be cured. *Roblox Corp. v. WowWee Grp. Ltd.*, No. 22-CV-04476-SI, 2023 WL 2433970, at *2 (N.D. Cal. Mar. 9, 2023). Here, both claims are fundamentally deficient and cannot be cured.

First, with respect to the copyright-infringement claim, Tibrio already amended its complaint to address the registration requirement, yet the registrations cited in its Amended Complaint do not cover the work at issue. Because this defect cannot be cured, dismissal should be without leave to amend. *Yellowcake*, 522 F. Supp. 3d at 776. Furthermore, an amendment cannot cure the substantive defect with Tibrio's infringement claim—alleged copying of unprotectable elements cannot form the basis of an infringement claim. *See Apple*, 799 F. Supp. at 1022.

Second, with respect to the unfair-competition claim, Tibrio already amended its complaint in response to Flex raising preemption concerns. But the Amended Complaint failed to cure this defect. When a state unfair-competition claim is preempted by the Copyright Act and amendment would thus be futile, the claim may be dismissed with prejudice. *Lions Gate Ent.*, 170 F. Supp. 3d at 1266.

# CONCLUSION

Despite already amending its complaint, both of Tibrio's claims are legally deficient. It fails to state a claim for copyright infringement because it fails (1) to allege infringement of a work for which it owns a registration and (2) to allege copying of protectable elements, relying entirely on allegedly similar unprotectable elements. And Tibrio's state unfair-competition claim is preempted by the Copyright Act, which it already unsuccessfully attempted to cure. Flex respectfully requests that the Court dismiss Tibrio's claims without leave to amend.

Dated: August 30, 2023                  Respectfully submitted,

                                        Newman llp


                                        /s/ Lindsey Pierce
                                        Derek A. Newman (SBN: 190467)
                                        *derek@newmanlaw.com*
                                        Lindsey Pierce (SBN: 334925)
                                        *lindsey@newmanlaw.com*

                                        Counsel for Defendant
                                        Flex Marketing, LLC