Derek A. Newman (SBN: 190467)
*dn@newmanlaw.com*
Lindsey Pierce (SBN: 334925)
*lindsey@newmanlaw.com*
Derek Linke (SBN: 302724)
*linke@newmanlaw.com*
Newman LLP
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Telephone:	(310) 917-1000
Facsimile:	(310) 917-1001

Counsel for Defendant
Flex Marketing, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO, LLC, ZEETOGROUP, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FLEX MARKETING, LLC and DOES 1-100, inclusive.,<br><br>Defendants. | Case No. 3:23-cv-01167-LL-BGS<br><br>**DEFENDANT FLEX MARKETING, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>The Honorable Linda Lopez<br><br>Hearing Date: October 4, 2023 |

## INTRODUCTION

The Court should dismiss the complaint filed by Plaintiffs Tibrio and ZeetoGroup (together "Tibrio") with prejudice for three reasons. First, Tibrio did not file an opposition to Flex's Motion to Dismiss Tibrio's First Amended Complaint ("FAC"). Second, this Court granted Tibrio leave to file a Second Amended Complaint ("SAC") by September 27, 2023, but Tibrio failed to do and thus did not comply with the Court's Order. Third, as discussed in Flex's unopposed Motion to Dismiss, Tibrio's claims are implausible and lack legal and factual merit. These frivolous claims and Tibrio's haphazard approach to litigation

continue to waste the time and resources of the defendant and this Court. The Court should dismiss Tibrio's FAC, which remains the operative complaint, with prejudice.

**FACTS**

On July 28, 2023, Tibrio filed its FAC against Defendant Flex Marketing, LLC asserting claims for copyright infringement and violation of California's Unfair Competition Law. ECF No. 12. On August 30, 2023, Flex moved to dismiss both claims with prejudice under Rule 12(b)(6). ECF No. 15.

On September 20, 2023, the parties filed a Joint Motion requesting leave for Tibrio to file a Second Amended Complaint ("SAC"). ECF No. 17. Tibrio agreed to withdraw its copyright claim and attached the proposed SAC striking the copyright claim. *See* ECF No. 17. Flex agreed to withdraw its Motion to Dismiss after Tibrio timely filed its SAC as allowed by the Court. *Id.* On September 21, 2023, the Court granted Tibrio leave under Federal Rule of Civil Procedure 15(a)(2) to further amend its complaint by filing the SAC attached to the Joint Motion. ECF No. 18. The Court ordered Tibrio to file the SAC by September 27, 2023. *Id.* Tibrio did not file the SAC, and thus did not comply with the Court's Order granting leave to file an amended complaint.

**ARGUMENT**

The Court should dismiss Tibrio's case for two reasons. First, Tibrio failed to oppose Flex's Motion to Dismiss. The Court's Order to file a SAC by September 27 was binding on the parties once the Court approved and ordered that deadline. L.R. 7.2(a). Tibrio decided not to file its SAC as the Court allowed it to do. Thus, the FAC remains the operative complaint. Flex's Motion to Dismiss the FAC remains on calendar, and is ripe for the Court's consideration. Tibrio's failure to oppose dismissal with prejudice of the claims in the FAC can operate as consent to dismissal with prejudice. If an opposing party fails to timely file an opposition motion, "that failure may constitute a consent to the granting of a motion." L.R.

7.1(f)(3)(c). This Court also construes a failure to file an opposition to any motion as consent to granting the motion. Lopez Civil Chamber Rules 3(J). Tibrio did not timely file an opposition motion to Flex's motion to dismiss. Tibrio thus consented to dismissal of its claims with prejudice and the court should dismiss the claims against Flex with prejudice.

Second, Tibrio's failure to comply with the Court's Order warrants dismissal of its claims. Tibrio decided not to proceed with filing its SAC by the Court's deadline. A district court can dismiss any action or claim if the plaintiff fails to comply with a court order under Federal Rule of Civil Procedure 41(b). In *Ferdik v. Bonzelet*, the Ninth Circuit affirmed a district court's dismissal of a case under Rule 41 where the court granted the plaintiff leave to file a second amended complaint, but the plaintiff failed to timely file in compliance with the court's order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). The district court did not abuse its discretion in dismissing the case even though the plaintiff was a pro se litigant because the district court explained in language understandable to a layperson that plaintiff must amend by a certain date or the case could be dismissed. *Id.* Here, the Court's Order states clearly that plaintiffs must "further amend their complaint by filing the proposed SAC attached to the Joint Motion on or before September 27, 2023." Tibrio is represented by counsel, and should not be accorded the leeway frequently provided to pro se parties, much less more leeway than was provided to the unrepresented party in *Ferdik*. Tibrio did not comply with the Court's Order and its case should therefore be dismissed with prejudice.

Finally, dismissal with prejudice of Tibrio's entire case under either of the above grounds is also the most practical course of action. Tibrio already agreed to strike its copyright claim. Its remaining claim for unfair competition lacks merit, for the reasons addressed in Flex's pending Motion to Dismiss. ECF No. 15. That claim remains the same in the proposed SAC, so it would be most efficient to resolve it now instead of requiring a further round of motion practice. Thus, both

1 | claims should be dismissed with prejudice.

Now that Tibrio's court-ordered deadline to file its SAC has passed, Tibrio cannot still do so without first requesting relief from that deadline, which requires it to show both good cause and that its failure to comply was due to excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). Tibrio has done neither and the Court should proceed with dismissal.

## CONCLUSION

Tibrio failed to comply with the Court's order, deciding not to file its SAC. Thus, the FAC remains the operative complaint. The most efficient way to resolve the current situation is for the Court to grant Flex's unopposed Motion to Dismiss by dismissing the FAC with prejudice.

Dated: September 28, 2023

Respectfully submitted,

Newman llp

/s/ Derek Linke
Derek A. Newman (SBN: 190467)
*dn@newmanlaw.com*
Lindsey Pierce (SBN: 334925)
*lindsey@newmanlaw.com*
Derek Linke (SBN: 302724)
*linke@newmanlaw.com*

Counsel for Defendant
Flex Marketing, LLC