UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO, LLC;<br>ZEETOGROUP LLC,<br><br>         Plaintiffs,<br><br>v.<br><br>FLEX MARKETING, LLC,<br><br>         Defendant. | Case No.: 23cv1167-LL-BGS<br><br>**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION** |

On September 28, 2023, Plaintiffs filed their Second Amended Complaint ("SAC") alleging one state law cause of action against Defendant. ECF No. 23. The SAC claims the Court has diversity jurisdiction over this matter. *Id.* ¶ 12. However, the Court finds the SAC lacks sufficient factual allegations to establish diversity jurisdiction.

A court has an independent obligation to dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction. *Badgerow v. Walters*, 142 S. Ct. 1310, 1315 (2022). The two basic statutory grants of subject matter jurisdiction to federal courts are found in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "federal question" jurisdiction and is invoked when the plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Section 1332 provides for "diversity jurisdiction" and is invoked when the plaintiff "presents a claim

between parties of diverse citizenship that exceeds the required jurisdiction amount, currently $75,000." *Id.*

The SAC contains one conclusory sentence regarding diversity jurisdiction, which the Court finds inadequate to plead jurisdiction. First, Plaintiffs fail to allege that the opposing parties are citizens of different states. The names of Plaintiffs and Defendant indicate they are all limited liability companies. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). At minimum, the SAC must plead allegations of citizenship on information and belief. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). Plaintiffs allege that Tibrio, LLC is a Delaware Limited Liability Company conducting business in San Diego and that Defendant Flex Marketing, LLC is headquartered in New York City, New York. ECF No. 23 ¶ 9, 10. The SAC is silent as to the citizenship of Plaintiff ZeetoGroup, LLC.[1] The Court finds the SAC fails to allege that the citizenship of Defendant's owners or members are diverse from Plaintiffs' owners or members. Second, the SAC lacks sufficient factual allegations establishing that the amount in controversy with respect to each plaintiff exceeds $75,000, exclusive of interests and costs. "Generally, the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000).

Accordingly, the Court **ORDERS** Plaintiffs **TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction. On or before **October 12, 2023**, Plaintiffs must do one of the following actions: (1) file a third amended complaint that corrects the noted deficiencies and contains an exhibit with the red-lined corrections, or (2) file a response to this Order to Show Cause. If Plaintiffs file a third

---

[1] The Court questions whether ZeetoGroup, LLC remains a plaintiff in this matter. ZeetoGroup, LLC is named as a plaintiff in the caption on the title page of the SAC, but the paragraph describing ZeetoGroup, LLC as one of the parties that was present in the first amended complaint has been deleted in the SAC. *See* ECF No. 17-1 at 5.

amended complaint, Defendant shall respond to it within the time provided under Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED**.

Dated:  October 5, 2023

_____
Honorable Linda Lopez
United States District Judge