Derek A. Newman (SBN: 190467)
*dn@newmanlaw.com*
Lindsey Pierce (SBN: 334925)
*lindsey@newmanlaw.com*
Derek Linke (SBN: 302724)
*linke@newmanlaw.com*
NEWMAN LLP
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Telephone:     (310) 359-8200
Facsimile:     (310) 359-8190

Counsel for Defendant
Flex Marketing, LLC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO, LLC, | Case No. 3:23-cv-01167-LL-BGS |
| Plaintiff, | **DEFENDANT FLEX MARKETING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| FLEX MARKETING, LLC and DOES 1-100, inclusive., | The Honorable Linda Lopez |
| Defendants. | Hearing Date: November 30, 2023 |
| | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

PLEASE TAKE NOTICE that on November 30, 2023, or as soon thereafter as counsel may be heard by the above-entitled court located at the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA, 92101, Defendant Flex Marketing, LLC will and hereby does, move for an order under Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing Plaintiff Tibrio, LLC's Third Amended Complaint ("3AC") (ECF No. 29) without leave to amend on the following grounds: (1) Plaintiff's claim for unfair competition under California Business and Professions Code section 17200 is preempted by the Copyright Act; and (2) Plaintiff's claim fails to plead sufficient facts to show that Flex's conduct is unlawful, unfair, or fraudulent under California Business and Professions Code section 17200.

This motion is based upon this Notice of Motion and Motion to Dismiss and incorporated Memorandum of Points and Authorities; any facts, documents, or matters for which judicial notice is proper; any other or further papers filed or arguments made in support of the motion; as well as any oral argument presented at the time of the hearing.

Flex Marketing, LLC certifies that prior to filing this motion, it conferred with counsel for Plaintiff under L.R. 7-3 in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. The conference of counsel took place on August 23, 2023. This was in addition to a previous conference of counsel on July 13, 2023, in which Flex raised the same issues with respect to Plaintiff's initial complaint, which remain in the Third Amended Complaint.

Dated: October 26, 2023            Respectfully submitted,

NEWMAN LLP

/s/ Lindsey Pierce

Derek A. Newman (SBN: 190467)
*dn@newmanlaw.com*
Lindsey Pierce (SBN: 334925)
*lindsey@newmanlaw.com*
Derek Linke (SBN: 302724)
*linke@newmanlaw.com*

Counsel for Defendant
Flex Marketing, LLC

DEFENDANT FLEX MARKETING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Tibrio, LLC ("Tibrio") and Defendant Flex Marketing, LLC ("Flex") each operate online advertising companies that display ads and allow interested consumers to enter personal information. Tibrio complains that some of Flex's webpages, namely an online ad and a consumer-information-gathering webpage, look similar to Tibrio's webpages. Tibrio initially filed a copyright-infringement claim against Flex. Tibrio also asserted a California unfair-competition claim that essentially mirrored the copyright claim. Flex moved to dismiss the claims because Tibrio does not have a copyright registration for the images at issue, the California unfair-competition-law claim is preempted by the Copyright Act, and Tibrio failed to state a plausible claim under either cause of action. Tibrio withdrew its copyright claim but maintained the claim for violation of California's unfair-competition law. The single claim asserts that Flex violated California's unfair-competition law by misappropriating the overall appearance of Tibrio's webpages.

But Tibrio's claim is squarely preempted by the Copyright Act. The Act preempts state-law claims that fall under its subject matter and assert rights equivalent to those provided to copyright holders. Given that Tibrio asserts Flex misappropriated its webpage images, Tibrio's claim is qualitatively equivalent to a claim asserted under the Copyright Act and is thus preempted.

Further, Tibrio does not set forth facts to establish that Flex's conduct was unlawful, unfair, or fraudulent within the meaning of California's unfair-competition law. The statute allows plaintiffs to maintain a claim by alleging facts showing that the defendant's conduct falls under any of the three prongs, but Tibrio's allegations do not suffice under any of the three. Tibrio does not allege that Flex violated any underlying predicate law; nor does it allege that Flex violated the letter or spirit of an anti-competition law; nor that consumers have been

substantially injured; nor does it set forth any plausible allegations that Flex's ads will deceive consumers. Thus, Tibrio does not plausibly allege that Flex violated California's unfair-competition law.

Tibrio has not and cannot state a claim under any law, even after repeated attempts to do so. Further amendments would be futile, and this Court should dismiss Tibrio's complaint with prejudice without leave to amend.

<strong>FACTUAL BACKGROUND</strong>

Tibrio owns and operates the website "thesavvysampler.com" and alleges that Flex is responsible for the website "buzzworthysamples.com." Third Amended Complaint ("3AC") ¶¶ 4, 9, 10. On June 23, 2023, Tibrio filed a complaint against Flex alleging copyright infringement and violation of California's unfair-competition law ("UCL"), Business and Professions Code § 17200. ECF No. 1. Both claims alleged that Flex copied Tibrio's online ad and webpage. Flex met and conferred with Tibrio on July 13, 2023 about an anticipated motion to dismiss on the grounds that (1) Tibrio failed to allege that its work was registered with the Copyright Office and Tibrio did not otherwise state a claim for infringement, and (2) the UCL claim was preempted by the Copyright Act.

On July 28, Tibrio filed its First Amended Complaint ("FAC") asserting the same two claims. ECF No. 12. On August 17, Flex sent Tibrio a letter detailing the grounds for a motion to dismiss the FAC. Flex's letter reiterated that Tibrio could not bring a copyright-infringement claim because the creative works at issue were not registered copyrights and Tibrio did not assert infringement of any protectable elements; and that Tibrio's unfair-competition claim was preempted and otherwise implausible. Flex cautioned that if Tibrio did not further amend or dismiss its claims, it would move to dismiss and move for sanctions under Rule 11 for filing its FAC with baseless factual contentions.

On August 23, Flex's counsel and Tibrio's counsel met by Zoom about the issues that Flex's letter raised. Flex then filed its motion to dismiss on the grounds

it had raised with Tibrio's counsel, including the arguments that the UCL claim is preempted by the Copyright Act and is otherwise implausible. ECF No. 15. Flex also served Tibrio with a Rule 11 sanctions motion regarding the lack of evidentiary support for Tibrio's copyright claim.

On September 28, 2023, Tibrio filed its Second Amended Complaint ("SAC"), withdrawing its copyright claim and leaving its California unfair-competition law claim as is. ECF No. 23. Upon the filing of Tibrio's SAC that struck the copyright-infringement claim, Flex withdrew its motion to dismiss.

On October 12, 2023, Tibrio filed its 3AC, amending its allegations regarding subject-matter jurisdiction but otherwise preserving its California UCL claim. ECF No. 29. Tibrio's 3AC again alleges that Flex copied an advertisement and parts of a consumer-information-gathering webpage: "Flex misappropriated the image, copy, symbols, and the button shape/ phrasing of Plaintiff," which "were painstakingly developed by Tibrio over the years." 3AC ¶¶ 4, 5, 6. Tibrio claims that Flex "copied and pasted the aspects of Tibrio's strategy/imagery, copyrighted data, and intellectual property" and thereby "stole the property of Tibrio for its own gain." *Id.* ¶¶ 27, 30. It also alleges that Flex's advertisements are likely to confuse the consumer into thinking that the advertisements are Tibrio's property or that Tibrio is associated with the ad campaigns. *Id.* ¶ 31.

The 3AC includes side-by-side comparisons of the parties' ads and webpages. *See id.* ¶¶ 4, 6, 25, 27. Each ad and webpage prominently displays the business name, website, and logo at the top—thesavvysampler (Tibrio) and buzzworthysamples (Flex). *Id.*

## ARGUMENT

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should dismiss any claim based either on a lack of a cognizable legal theory or insufficient facts alleged under a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959–60 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain

1  sufficient factual matter to "state a claim to relief that is plausible on its face."
2  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

3  Courts accept as true all well-pleaded allegations of material fact but are "not
4  bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at
5  678. Courts need not grant leave to amend if amendment would be futile or the
6  plaintiff failed to cure deficiencies despite repeated opportunities. *Yellowcake, Inc.*
7  *v. Morena Music, Inc.*, 522 F. Supp. 3d 747, 757 (E.D. Cal. 2021).

8  Tibrio fails to state a claim for violation of California's unfair-competition law
9  for two reasons. First, Tibrio's claim cannot survive because it is preempted by the
10  Copyright Act. Second, Tibrio does not adequately allege facts showing that Flex's
11  conduct is unlawful, unfair, or fraudulent under the UCL. Because Tibrio has had
12  repeated attempts to cure its pleadings' deficiencies and any amendment would be
13  futile, the Court should dismiss Tibrio's 3AC with prejudice.

14
**A.  Tibrio's claim for alleged violations of California's unfair-competition
15      law fails to state a claim because it is pre-empted by the Copyright Act.**

16  The Copyright Act preempts rights under common law or state statutes that
17  "are equivalent to any of the exclusive rights within the general scope of copyright
18  as specified by section 106." 17 U.S.C. § 301(a). To determine whether a claim is
19  preempted, the Ninth Circuit first "determine[s] whether the 'subject matter' of
20  the state law claim falls within the subject matter of copyright as described in
21  17 U.S.C. §§ 102 and 103." *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137
22  (9th Cir. 2006) (footnotes omitted). Second, if the subject matter falls under the
23  Copyright Act, then the court considers whether the state-law rights are equivalent
24  to the rights provided to copyright holders under 17 U.S.C. § 106. *Id.* at 1137–38.
25  Tibrio's UCL claim satisfies both elements and is therefore preempted.

26  **1.  The Copyright Act covers the subject matter of Tibrio's claim.**

27  First, state unfair-competition claims are preempted when they relate to
28  subject matter within the Copyright Act's scope. The Act extends copyright

DEFENDANT FLEX MARKETING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS

protection to "original works of authorship…" and defines a "work of authorship" to include "pictorial" and "graphic works." 17 U.S.C. § 102(a)(5).

Tibrio's unfair-competition claim relates to an image of an advertisement and of a consumer-information-gathering webpage allegedly created by Tibrio, which it alleges that Flex copied and used on its website. 3AC ¶¶ 4–6. Tibrio pastes screen shots of the allegedly copied images into the 3AC, specifying that "Flex misappropriated the image, the copy, symbols, and the button shape/phrasing of" the webpages. 3AC ¶¶ 4–6. Given that the subject matter of Tibrio's UCL claim is the use of Tibrio's images, the subject matter of the claim falls squarely into the scope of pictorial and graphic works covered by the Copyright Act.

## 2. Tibrio asserts rights equivalent to those protected by the Copyright Act.

Second, to survive preemption, a state-law claim must protect rights that are qualitatively different from rights protected by the Copyright Act. *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004), amended on denial of reh'g 400 F.3d 658 (9th Cir. 2005). Section 106 in the Copyright Act outlines the exclusive rights of a copyright owner, including reproduction of the work, preparation of derivative works, distribution, and public performance and display of the work. 17 U.S.C. § 106(1)–(5). Thus, Tibrio's state-law unfair-competition claim "must allege an 'extra element' that changes the nature of the action" beyond a violation of those rights. *Grosso v. Miramax Film Corp.*, 383 F.3d at 968.

The rights asserted in Tibrio's unfair-competition claim are qualitatively identical to those provided to copyright holders. Tibrio asserts that Flex "was using [Tibrio's] property by intentionally copying and pasting direct advertisements which had been developed over the years by Tibrio…" 3AC ¶ 9. The crux of Tibrio's unfair-competition claim is that "the imagery and property it has invested years of research in is flagrantly being used by Buzzworthy," and so Flex "was unjustly enriched when it misappropriated the work of Tibrio." *Id.*

DEFENDANT FLEX MARKETING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS

¶¶ 24, 33. Tibrio's UCL claim thus asserts a violation of the "same rights" as those protected under the Copyright Act, "namely reproduction and distribution of the [creative] work and preparation of a derivative work." *Lions Gate Ent. Inc. v. TD Ameritrade Servs. Co., Inc.*, 170 F. Supp. 3d 1249, 1267 (C.D. Cal. 2016).

Under identical facts to this case, a district court in Los Angeles found an unfair-competition claim preempted by the Copyright Act. *Id.* In *Lions Gate Entertainment*, the Lions Gate production company brought state and common-law unfair-competition claims against an advertising company for using elements of Lions Gate's creative works in advertising campaigns. Just as Tibrio's claim is based on the allegation that Flex "copied and pasted the aspects of Tibrio's strategy/imagery, copyrighted data, and intellectual property" into its advertisement (3AC ¶ 27), Lions Gate's claims were "based on Defendants essentially copying Plaintiff's intellectual property and slightly changing the words — creating a derivative work, perhaps— and using the [altered work] in advertising its own products." *Lions Gate Ent.*, 170 F. Supp. 3d at 1266–67. The court found the unfair-competition claims "preempted by copyright law because the same rights are asserted in these causes of action as" asserted in a copyright-infringement claim. *Id.* The court dismissed the claims with prejudice because "any amendment would be futile." *Id.* at 1266.

Tibrio's allegation that Flex's website will create confusion as to source or affiliation does not change the nature of the claim. *See id.* at 1267. In *Lions Gate*, Lions Gate argued that defendants using a slightly altered version of its creative work would cause confusion as to Lions Gate's endorsement or association with the defendant company's services. 170 F. Supp. 3d at 1267. Rejecting that argument, the court held that it "cannot see how this is different from a copyright infringement claim…" *Id.* The court reasoned that the conduct of "making an advertisement using copyrighted work and distributing the ad to the public" is the same as copying a work, making a derivative work, and distributing it to the

DEFENDANT FLEX MARKETING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS

public—both are unauthorized uses of a creative work. *Id.* Thus, regardless of how Tibrio frames its alleged injuries, its claim involves rights identical to that of a claim under the Copyright Act.

Tibrio's entire unfair-competition-law claim is thus preempted and cannot survive a motion to dismiss.

**B. Separately, Tibrio did not allege adequate facts to form the basis of an unfair-competition claim under Cal. Bus. Prof. Code § 17200.**

California's unfair-competition law prohibits unfair competition, defined as any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising. *See* Cal. Bus. & Prof. Code § 17200. Tibrio does not adequately allege that Flex engaged in any unlawful, unfair, or fraudulent business practice under the UCL.

**1. Tibrio does not allege an underlying "unlawful" business practice.**

A business practice is "unlawful" under section 17200 if it violates an underlying state or federal statute or common law. *See Cal-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Tibrio does not allege that Flex engaged in any unlawful practice. To state a claim under the "unlawful" prong of the UCL, Tibrio must plead that Flex has violated a predicate federal or state law, which the UCL borrows and treats as independently actionable. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012). Because Tibrio does not allege that Flex has violated any predicate law, it has failed to state a claim under the UCL's unlawful prong. *See European Travel Agency Corp. v. Allstate Ins. Co.*, 2022 U.S. Dist. LEXIS 169901, *2–3 (C.D. Cal. 2022).

**2. Tibrio does not allege an "unfair" business practice.**

Tibrio does not allege an unfair business practice with respect to either competitors or consumers. A business practice is "unfair" as to other competitors if the conduct violates an antitrust law or otherwise has a material and deleterious effect on competition. *See Cal-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,

20 Cal. 4th at 186. Tibrio argues that "Defendant's actions here are unfair as they stole the property of Tibrio for its own gain." 3AC ¶ 30. But to state a claim alleging an "unfair" practice against competitors, Tibrio must tether the allegedly unfair conduct to some legislatively declared policy or proof of some actual or threatened impact on competition, demonstrating that the practice violates the policy or spirit of an anti-competition law. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d at 1170. Tibrio advances no factual allegations to support the claim that Flex's ad or webpage threaten to violate the letter, policy, or spirit of antitrust laws, or that they harm competition. Tibrio fails to allege how any public policy underlying its claim is tethered to specific constitutional, statutory, or regulatory provisions and thus cannot satisfy the "tethering test." *See id.* Thus, Tibrio failed to state a claim under the UCL's unfair prong as to competitors. *See id.*

Nor does Tibrio adequately allege that Flex engaged in unfair practices as to consumers. A business practice is "unfair" as to consumers if it is likely to cause substantial injury to consumers that is not reasonably avoidable and not outweighed by countervailing benefits to consumers or to competition. *Id.* at 1168. Tibrio does not allege any facts related to substantial consumer injury or otherwise indicate how consumers may be injured by Flex's conduct. Thus, Tibrio has also failed to state a claim under the UCL's unfair prong as to consumers. *See id.* at 1169.

**3. Tibrio does not allege a "fraudulent" business practice within the meaning of the UCL.**

A business practice is "fraudulent" within the meaning of the UCL if it is likely to deceive the public. *Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th 870, 876 (2017). Tibrio does not plausibly allege that Flex engaged in any fraudulent practices. Tibrio alleges that Flex's conduct is fraudulent because "the advertisements… are likely to confuse the consumer/advertisers/publishers into thinking that the advertisements are" Tibrio's property, and "advertisers and publishers will believe Tibrio is associated with these other campaigns…" 3AC

¶ 31. To plausibly allege that conduct is likely to deceive the public, Tibrio must plead that a reasonable consumer would be deceived by a false, misleading, or deceiving representation. *Rubenstein v. The Gap, Inc.*, 14 Cal. App. 5th at 876. "Although the likelihood of deception is often too fact intensive to decide on the pleadings, courts can and do [dismiss] UCL claims when the facts alleged fail as a matter of law to show such a likelihood." *Id.* at 877; *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 16 (N.D. Cal. 2020) (courts may dismiss UCL claims when it is simply not plausible that a reasonable consumer would be deceived).

When an advertisement contains no affirmative misrepresentation and also truthfully discloses the information that is allegedly deceptive, it cannot plausibly deceive a reasonable consumer. *Id.* Flex's advertisements contain no affirmative misrepresentations and disclose Flex's website as the source. 3AC ¶¶ 4, 6, 25, 27. It is implausible that any reasonable consumer would mistakenly believe they were looking at Tibrio's website or that the ad was associated with Tibrio when Flex's webpages are prominently marked with Flex's website address and brand name. Tibrio does not allege any facts regarding an untrue or misleading representation.

Furthermore, the court in *Lions Gate* dismissed the claims alleging that a consumer would be confused whether Lions Gate endorsed the defendant company's advertisements when viewing the ads that used Lions Gate's creative works. *Lions Gate Entm't Inc. v. TD Ameritrade Servs. Co.*, 170 F. Supp. 3d at 1267. The court did not find these allegations plausible given that "the advertisements clearly promote [defendant company's] services and do not mention [Lions Gate], or attempt to pass off products of [defendant company] as from [Lions Gate] or vice versa." *Id.* Similarly, Flex's advertisement clearly displays Flex's website and business name, is clearly promoting Flex's website, does not mention Tibrio's business or website, and does not attempt to pass of its products or services as Tibrio's or vice versa. 3AC ¶¶ 4, 6, 25, 27. Thus, just as the court in *Lions Gate* dismissed the baseless allegations, so too should this Court. Tibrio has failed to

state a plausible claim under the UCL's fraudulent prong.

**C.  The court should dismiss Tibrio's claims without further leave to amend because amendment would be futile.**

A court may grant dismissal for failure to state a claim without leave to amend if amendment would be futile because the pleading cannot be cured. *Roblox Corp. v. WowWee Grp. Ltd.*, No. 22-CV-04476-SI, 2023 WL 2433970, at *2 (N.D. Cal. Mar. 9, 2023). Here, the UCL claim is fundamentally deficient and cannot be cured.

Tibrio has already had three opportunities to amend its unfair-competition claim to cure its deficiencies. Flex raised preemption concerns in response to Tibrio's initial complaint in a letter and in conference with counsel, and in its withdrawn motion to dismiss Tibrio's initial complaint. Tibrio failed to amend its claim in response to these concerns and thus failed to cure this defect. When a state unfair-competition claim is preempted by the Copyright Act and amendment would thus be futile, the claim may be dismissed with prejudice. *Lions Gate Ent.*, 170 F. Supp. 3d at 1266. Flex's letter, through discussions with Tibrio's counsel, and previous motion to dismiss also raised the concern that Tibrio's unfair-competition law claim did not allege sufficient facts to state a claim and the legal conclusions alleged were implausible. Because the Court has given Tibrio repeated attempts to sufficiently plead its claim, and Tibrio has still failed to plead facts constituting an unfair-competition claim, the Court should not grant leave to amend. *Roblox Corp. v. WowWee Grp. Ltd.*, 2023 WL at 2.

**CONCLUSION**

Despite already amending its complaint three times, Tibrio's claim is legally deficient. Tibrio's state unfair-competition claim is preempted by the Copyright Act, which it already unsuccessfully attempted to cure. Even if it weren't preempted, Tibrio has not adequately alleged any of the three prongs of a California unfair-competition law claim. Flex respectfully requests that the Court dismiss Tibrio's claim without leave to amend.

Dated: October 26, 2023

Respectfully submitted,

Newman llp

/s/ Lindsey Pierce
Derek A. Newman (SBN: 190467)
*dn@newmanlaw.com*
Lindsey Pierce (SBN: 334925)
*lindsey@newmanlaw.com*
Derek Linke (SBN: 302724)
*linke@newmanlaw.com*

Counsel for Defendant
Flex Marketing, LLC