UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO, LLC,<br><br>                     Plaintiff,<br><br>v.<br><br>FLEX MARKETING, LLC,<br><br>                     Defendant. | Case No.: 23cv1167-LL-BGS<br><br>**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION AND AMENDING BRIEFING SCHEDULE FOR MOTION TO DISMISS** |

On October 12, 2023, Plaintiffs filed their Third Amended Complaint ("TAC") alleging one state law cause of action against Defendant. ECF No. 29. The TAC claims the Court has diversity jurisdiction over this matter. *Id.* ¶ 12. However, the Court questions the facial sufficiency of the amount in controversy to meet the minimum required for diversity jurisdiction.

A court has an independent obligation to dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction. *Badgerow v. Walters*, 142 S. Ct. 1310, 1315 (2022). The two basic statutory grants of subject matter jurisdiction to federal courts are found in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "federal question" jurisdiction and is invoked when the plaintiff pleads a colorable claim "arising under" the Constitution or

1

laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Section 1332 provides for "diversity jurisdiction" and is invoked when the plaintiff "presents a claim between parties of diverse citizenship that exceeds the required jurisdiction amount, currently $75,000." *Id.*

The TAC alleges that Defendant violated California's Unfair Competition Laws ("UCL"), causing damages exceeding $75,000. ECF No. 29 ¶¶ 14, 29–34. Specifically, Plaintiff alleges that Defendant's actions caused Plaintiff to lose revenue and seeks "statutory, actual, and punitive damages along with the recovery of attorney's fees and costs." *Id.* ¶ 32.

The Court's review of case law indicates that the remedies Plaintiff seeks are not authorized remedies under the UCL in an individual action, and so the amount in controversy does not meet the threshold minimum for diversity jurisdiction. In a private UCL action, damages, attorney's fees, and punitive damages are not available. *Lee v. Luxottica Retail N. Am., Inc.*, 65 Cal. App. 5th 793, 801 (2021) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003)). The only monetary remedy available to an individual under the UCL is restitution, which is defined as "profits unfairly obtained to the extent that these profits represent *monies given to the defendant or benefits in which the plaintiff has an ownership interest.*" *Id.* (quoting *Korea Supply Co.*, 29 Cal. 4th at 1148). The lost revenue Plaintiff seeks to recover does not fit this definition of restitution. *See Luxottica Retail N. Am., Inc.*, 65 Cal. App. 5th at 803–04 (finding lost income from sales that never took place as not recoverable as restitution under the UCL because the plaintiff had no ownership interest in it).

Plaintiff is **ORDERED TO SHOW CAUSE** on or before **November 16, 2023** why this action should not be dismissed for lack of subject matter jurisdiction because the amount in controversy does not exceed the threshold required for diversity jurisdiction. Defendant may also respond to this Order to Show Cause on or before November 16, 2023 but is not required to do so. A failure to timely respond to this Order may result in dismissal of the action without further notice.

Additionally, the Court suspends briefing on Defendant's Motion to Dismiss filed on October 26, 2023. The Court will issue an amended briefing schedule for the Motion to Dismiss after this Order to Show Cause has been resolved.

**IT IS SO ORDERED.**

Dated: October 30, 2023

Honorable Linda Lopez
United States District Judge