| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | Jacob A. Gillick, SBN 312336<br>Jgillick@gillicklegal.com<br>Gillick Legal, APC<br>1420 Kettner Blvd. Suite 108<br>San Diego, CA 92101<br>Telephone: (858) 250-0656<br><br>Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO, LLC<br><br>              Plaintiff,<br><br>v.<br><br>FLEX MARKETING, LLC and DOES 1-100, inclusive,<br><br>              Defendants. | Case No. 3:23-cv-01167-LL-BGS<br><br>PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE OF OCTOBER 30, 2023, AND REQUEST TO FILE THIRD AMENDED COMPLAINT |

1

# I.
# INTRODUCTION

This Court has expressed concern that the cause of action alleged against Defendant will not satisfy the $75,000 threshold for jurisdiction. As described below, Defendant misappropriated an advertisement which Plaintiff had created to generate leads. Those leads were the property of Plaintiff and discovery into how many were received by Defendant and an expert valuation into the value will likely prove over $75,000 in damages. Plaintiff requests leave to file a Third Amended Complaint clarifying the relief sought. Plaintiff also requests leave to allege a cause of action for negligent interference with prospective economic advantage which will also likely carry damages over $75,000. Plaintiff discusses the elements and how that cause of action is proper below.

Plaintiff is working to protect its property, receive recompense, and obtain the protections it can from the law. Defendant blatantly and shamefully took the hard work of another for its own gain. This should not be given a seal of approval. Therefore, Plaintiff requests leave to file a Third Amended Complaint amending its damages request and adding a cause of action for negligent interreference with prospective economic advantage.

# II.
# STATEMENT OF LAW

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive on interest and costs, and is between- (1) Citizens of different States." 28 U.S.C.S § 1332 subd., (a)-(1).

"[A]n order for restitution is one 'compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person.' [citation] The object

2

of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corporation* 29 Cal.4th 1134, 1149 (Cal. Sup. Ct. 2003.

"The court may. . . restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. Prof. Code § 17203. "The notion of restoring something to a victim of unfair competition includes two separate components. The offending party must have obtained something to which it was not entitled and the victim must have given something which he or she was entitled to keep." *Feitelberg v. Credit Suisse First Boston, LLC, supra,* 134 Cal.App.4th 997, 1012. Restitution thus is available where a defendant has wrongfully acquired funds or property in which a plaintiff has an ownership or vested interest. *Ibid.* In other words, "in the UCL context. . .restitution means the return of money to those persons from whom it was taken or who had an ownership interest in it." *Id.* at p. 1013 citing *Day v. AT&T Corp.* (1998) 63 Cal.App.4th 325, 340; *Alch v. Superior Court* (2004) 122 Cal.App.4th 339, 404; *Madrid v. Perot Systems Corp.* (2005) 130 Cal.App.4th 440, 455.

## III.
## ARGUMENT

a. <u>Defendant Misappropriated the Advertisement and Leads it Generated</u>

As alleged in the Second Amended Complaint, Defendant used Plaintiff's property, i.e., the Adidas ad, to misappropriate leads. Each and every lead generated from the advertisement was the property of Plaintiff—who created the advertisement. Had Defendant not stolen the advertisement, all of the leads would have gone to Zeeto. Therefore, the leads procured through the advertisement were the property of Zeeto.

While the leads themselves are likely worthless now and cannot be transferred back to Zeeto without consumer consent, Zeeto is entitled to the value those leads

3

represented. Determination of the value to be returned will be subject to discovery of the leads procured through the misappropriation and expert testimony into what those leads would have been valued at for Plaintiff. Without conducting discovery into the scope of Defendant's misappropriation, or unnecessarily divulging the finances of Plaintiff, Plaintiff anticipates the amount will be over $75,000.

Plaintiff requests this Court's permission to file a Third Amended Complaint which narrows the damages request to the value of the leads that were the property of Plaintiff through the advertisement. A finding that Plaintiff is not entitled to damages would be a "sign off" to Defendant that it can steal the hard work and property of others without impunity. Further, if Plaintiff is granted leave to file a Third Amended Complaint, it requests leave to assert a cause of action for negligent interference with prospective economic relations.

b.  <u>Negligent Interference with Prospective Economic Advantage</u>

"The elements of negligent interreference with prospective economic advantage are (1) the existence of an economic relationship between the plaintiff and a third party containing the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's knowledge (actual or construed) that the relationship would be disrupted if the defendant failed to act with reasonable care; (4) the defendant's failure to act with reasonable care; (5) actual disruption of the relationship; (6) and economic harm proximately caused by the defendant's negligence." *Jenni Rivera Enterprises, LLC v. Latin World Entertainment Holdings, Inc.,* 36 Cal.App.5th 766, 782 (Cal. Ct. App. 2019).

Plaintiff has an economic relationship with advertisers who continue to work with Plaintiff because of its highly effective advertisements. Defendant is aware of these relationships not only because that is how the industry works, but because it misappropriated an advertisement from Plaintiff to obtain more leads to sell to advertisers.

///

As described in paragraph 20 of the Second Amended Complaint, "[t]he market in which Tibrio conducts business is highly saturated and in order to gain traction and command a higher price, a company must stand out. May of the advertisers have a limited capped budget. Money spent on other ad sites like [Defendant's], immediately detracts from Tibrio's bottom line. In essence, for cyber advertisers it is a zero-sum game." Defendant knew by negligently misappropriating the advertisement it would likely disrupt relationships with advertisers. Once discovery is conducted into the pipeline of Defendant's misappropriated advertisement, the actual damages of the negligent actions can be ascertained. Plaintiff anticipates that number being over $75,000.

## IV.
## CONCLUSION

Plaintiff has laid out substantial grounds for the claim that the damages in this case meet and exceed the jurisdictional threshold of $75,000 required for diversity of citizenship under 28 U.S.C.S section 1332. The alleged misappropriation of the Plaintiff's advertisement by the Defendant and the subsequent diversion of leads represents not only a tangible loss of revenue but also an actional interference with the Plaintiff's prospective economic relations. The addition of a cause of action for negligent interreference emphasizes the Defendant's cognizance and negligent disruption of the Plaintiff's economic relationships, which is projected to result in damages well above the jurisdictional minimum upon full discovery and expert assessment.

Granting the Plaintiff leave to file a Third Amended Complaint will enable a more precise articulation of these damages and the introduction of additional claims that reinforce the Plaintiff's entitlement to relief. Such an amendment would ensure that the Defendant is held accountable for its actions, which have deprived the Plaintiff of rightfully owned property and the associated economic benefits. The Plaintiff seeks not only to reclaim the status quo but also to receive just

5

compensation for the calculated and wrongful acts of the Defendant that have led to significant economic harm. Therefore, Plaintiff respectfully requests leave to file a Third Amended Complaint.

                              Respectfully submitted,

                              **Gillick Legal, APC**

Dated: November 16, 2023      */s/ Jacob A. Gillick*
                                        Jacob A. Gillick, Esq.
                                        jgillick@gillicklegal.com
                                        Attorneys for Plaintiff