UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO, LLC,<br><br>                        Plaintiff,<br><br>v.<br><br>FLEX MARKETING, LLC,<br><br>                        Defendant. | Case No.: 23cv1167-LL-BGS<br><br>**ORDER RE OCTOBER 30, 2023 ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION** |

Before the Court's is Plaintiff's Response to the Court's October 30, 2023 Order to Show cause why this action should not be dismissed for lack of subject matter jurisdiction because the amount in controversy does not exceed the threshold required for diversity jurisdiction. ECF No. 34; *see also* ECF No. 33. Plaintiff also seeks leave to amend its complaint. ECF No. 34.

I.     BACKGROUND

On October 12, 2023, Plaintiffs filed their Third Amended Complaint ("TAC") claiming the Court has diversity jurisdiction over this matter.[1] ECF No. 29 ¶ 12. The TAC

---

[1] Plaintiff incorrectly refers to the operative complaint as the Second Amended Complaint. ECF No. 34 at 3.

1

alleges that Defendant violated California's Unfair Competition Laws ("UCL"), causing damages exceeding $75,000. *Id.* ¶¶ 14, 29–34. Specifically, Plaintiff alleges that Defendant's actions caused Plaintiff to lose revenue and seeks "statutory, actual, and punitive damages along with the recovery of attorney's fees and costs." *Id.* ¶ 32.

On October 30, 2023, the Court issued an Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction because the amount in controversy does not exceed the threshold required for diversity jurisdiction. ECF No. 33. The Court notified Plaintiff that the remedies it seeks are not authorized remedies under the UCL in an individual action, and so the amount in controversy does not meet the threshold minimum for diversity jurisdiction. *Id.* at 2.

On November 16, 2023, Plaintiff filed its Response to the October 30, 2023 Order to Show Cause ("OSC"). ECF No. 34.

## II. LEGAL STANDARD

A court has an independent obligation to dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction. *Badgerow v. Walters*, 142 S. Ct. 1310, 1315 (2022). The two basic statutory grants of subject matter jurisdiction to federal courts are found in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "federal question" jurisdiction and is invoked when the plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Section 1332 provides for "diversity jurisdiction" and is invoked when the plaintiff "presents a claim between parties of diverse citizenship that exceeds the required jurisdiction amount, currently $75,000." *Id.*

/ / /
/ / /
/ / /
/ / /
/ / /

## III.  DISCUSSION

### A.  Negligent Interference with Prospective Economic Advantage Claim

Plaintiff requests leave to file a Fourth Amended Complaint to, in part, assert a cause of action for negligent interference with prospective economic advantage, for which it anticipates damages in excess of $75,000.[2] ECF No. 34 at 4–5.

> The elements of negligent interference with prospective economic advantage are (1) the existence of an economic relationship between the plaintiff and a third party containing the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's knowledge (actual or construed) that the relationship would be disrupted if the defendant failed to act with reasonable care; (4) the defendant's failure to act with reasonable care; (5) actual disruption of the relationship; and (6) economic harm proximately caused by the defendant's negligence.[3]

*Redfearn v. Trader Joe's Co.*, 20 Cal. App. 5th 989, 1005 (2018) (citation omitted), *overruled on other grounds by Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130 (2020). Because a court should freely give leave to amend when justice so requires, and discovery has not yet begun, the Court **GRANTS** Plaintiff's request to file a Fourth Amended Complaint to add a cause of action for negligent interference with prospective economic advantage. Fed. R. Civ. P. 15(a)(2).

### B.  UCL Claim

Plaintiff argues that it properly seeks restitution for its UCL claim, which it anticipates will be over $75,000. ECF No. 34 at 2–4. Plaintiff claims that Defendant used Plaintiff's property (i.e., advertisements) without permission to misappropriate leads, and

---

[2] The operative complaint is the Third Amended Complaint. ECF No. 29. Plaintiff incorrectly refers to an amended complaint as the Third Amended Complaint, when it should be the Fourth Amended Complaint. ECF No. 34 at 2, 4–6.

[3] The Court admonishes Plaintiff for including an incorrect citation for the elements of negligent interference with prospective economic advantage. ECF No. 34 at 4. The quote Plaintiff includes in its Response to the OSC does not exist in the case it cited.

3

23cv1167-LL-BGS

that these leads were the property of Plaintiff.[4] Plaintiff further argues that it is entitled to the value those leads represented even though "the leads themselves are likely worthless now and cannot be transferred back to [Plaintiff] without consumer consent." *Id.* at 3–4. Plaintiff requests leave to file a Fourth Amended Complaint "which narrows the damages request to the value of the leads that were the property of Plaintiff through the advertisement." *Id.* at 4.

In a private UCL action, damages, attorney's fees, and punitive damages are not available. *Lee v. Luxottica Retail N. Am., Inc.*, 65 Cal. App. 5th 793, 801 (2021) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003)). The only monetary remedy available to an individual under the UCL is restitution, which is defined as "profits unfairly obtained to the extent that these profits represent *monies given to the defendant or benefits in which the plaintiff has an ownership interest*." *Id.* (alteration in original) (quoting *Korea Supply Co.*, 29 Cal. 4th at 1148).

The Court finds that the remedies Plaintiff seeks cannot be considered restitution under the UCL. Plaintiff is not arguing that it is seeking money that it gave to Defendant—a competitor—but rather that Plaintiff has an ownership interest in the leads misappropriated by Defendant when Defendant copied its advertisements. The Supreme Court of California has acknowledged that restitution under the UCL includes the recovery of "money or property in which he or she has a vested interest," such as earned but unpaid wages. *Korea Supply Co.*, 29 Cal. 4th at 1149. Plaintiff's lost leads are not a vested property right akin to earned yet unpaid wages but are instead prospective. *See id.* at 1149–50 (finding a lost commission to be a contingent interest instead of a vested interest and even further attenuated because the plaintiff never anticipated payment directly from the defendant, but rather from a third party). Plaintiff did not anticipate any payment from

---

[4] The Court assumes that when Plaintiff refers to Zeeto—a non-party—it means to refer to Plaintiff. *See* ECF No. 34 at 3.

Defendant, but at most expected income from third-party leads that it may have obtained had Defendant not copied its advertisements.

Plaintiff is seeking payment for its lost business, but "lost business is a form of damages—it is not restitutionary." *Luxottica Retail N. Am., Inc.*, 65 Cal. App. 5th at 806. Additionally, "federal courts both before and after *Korea Supply* have consistently held that compensation for lost business is not recoverable in an action against a business competitor under the UCL." *Id.* at 805–06 (collecting cases). Therefore, the Court finds Plaintiff has not stated an appropriate remedy for its UCL claim. *See Korea Supply Co.*, 29 Cal. 4th at 1150–51 ("The nonrestitutionary disgorgement remedy sought by plaintiff closely resembles a claim for damages, something that is not permitted under the UCL."); *Luxottica Retail N. Am., Inc.*, 65 Cal. App. 5th at 803–04 (finding lost income from sales that never took place as not recoverable as restitution under the UCL because the plaintiff had no ownership interest in it).

Accordingly, the Court **DENIES** Plaintiff's request to amend its complaint to "narrow the damages request [for the UCL claim] to the value of the leads that were the property of Plaintiff through the advertisement" because such an amendment would be futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted) (stating that a motion to amend may be denied if the amendment would be futile or subject to dismissal); *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."), *implied overruling on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Such an amendment would be futile because the remedies Plaintiff seeks to amend—by narrowing them to the value of the misappropriated leads—are not restitution and are therefore, not permitted by the UCL.

Had Plaintiff not asked for leave to amend its complaint to add a new cause of action, the Court would have dismissed this matter for lack of subject matter jurisdiction because Plaintiff failed to state a remedy under the UCL that reached the $75,000 minimum for

diversity jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff's inability to state any appropriate remedy under the UCL is not without consequence, and so the Court **DISMISSES** Plaintiff's UCL claim for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

## IV.  CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  The Court **GRANTS** Plaintiff's request for leave to file a Fourth Amended Complaint on or before <u>**December 8, 2023**</u> to add a claim for negligent interference with prospective economic advantage. Plaintiff shall attach an exhibit showing changes made to the Third Amended Complaint by redlining.

2.  The Court **DENIES** Plaintiff's request for leave to amend its complaint to "narrow the damages request [for the UCL claim] to the value of the leads that were the property of Plaintiff through the advertisement."

3.  The Court **DISMISSES** Plaintiff's UCL claim for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

Dated:  December 1, 2023

_____
Honorable Linda Lopez
United States District Judge