Jacob A. Gillick, SBN 312336
Jgillick@gillicklegal.com
Gillick Legal, APC
1420 Kettner Blvd. Suite 108
San Diego, CA 92101
Telephone: (858) 250-0656

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO, LLC<br><br>       Plaintiffs,<br><br>  v.<br><br>FLEX MARKETING, LLC and DOES 1-100, inclusive,<br><br>       Defendants. | Case No. 3:23-cv-01167-LL-BGS<br><br>**FOURTH AMENDED COMPLAINT FOR:**<br><br> **1. NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br> **2. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS** |

1

# INTRODUCTION

1.     Oscar Wilde once said that "imitation is the sincerest form of flattery that mediocrity can pay to greatness." While Plaintiff Tibrio, LLC ("Tibrio") may be flattered by Defendant Flex Marketing, LLC's ("Flex") imitation of its property through DLZ Offers and Consumer Concierge, it still constitutes a violation of California's Unfair Competition laws.

2.     Over the years Tibrio has tested out thousands of aspects spending millions of dollars to identify the most successful "recipes" for engaging with consumers on their digital properties. This involves a series of carefully calculated steps to attract and engage consumers in a way where they are comfortable and willing to share information with Tibrio's sites. The information gathering includes providing valid contact information and/or answering a series of questions to see if the consumer may be interested in specific services or items from Tibrio's advertiser clients.

3.     While this process may seem simple, Tibrio has spent millions of dollars figuring out a precise set of recipes to maximize the percent of consumers who choose to engage on their properties. This includes, but is not limited to, the image of the promotional item(s), the headline and body copy, the layout, the shape and color of different buttons, and/or backgrounds, as well as the phrasing of disclosures. Each tiny aspect of the advertisement and process, including but not limited to the order they appear, are tested against alternatives allowing Tibrio to use the "recipes" which result in the best conversions (measured by quantity and quality).

///

///

///

///

FOURTH AMENDED COMPLAINT                    3:23-CV-01167-LL-BGS

4.      In 2023 it was brought to Tibrio's attention that advertisements on Defendant's website, Buzzworthysamples.com, were similar if not identical to Tibrio's ads placed on thesavvysampler.com. Below is a side-by-side comparison of the two ads:



5.      Flex misappropriated the image, the copy, symbols, and the button shape/phrasing of Plaintiff.  Each of these aspects was painstakingly developed by Tibrio over the years.

6.      Defendant also copied certain parts of Tibrio's consumer information gathering page.

///

///

///

///

///

///

///

3



7.      As described further below, Defendant has shamefully used Tibrio's property without permission, which has caused damages. This kind of behavior is unlawful, intentional or negligent, and interferes with Plaintiff's relationships with advertisers and publishers.

8.      Tibrio seeks the remedies as described herein in order to protect its hard work/investment it has made over the years to be successful in the difficult world of lead generation.

## II.

## **PARTIES**

9.      Plaintiff Tibrio, LLC ("Tibrio"), is a Delaware Limited Liability Company conducting business in San Diego, California and owns and operates the website thesavvysampler.com. In 2023 Tibrio discovered that Defendant was using its property by intentionally copying and pasting direct advertisements which had been developed over the years by Tibrio through large financial investments. Plaintiff has suffered severe harm due to these actions.

10.     Defendant Flex Marketing, LLC ("Flex") is headquartered in New York City, New York and runs two websites, DLZ Offers and Consumer Concierge. Flex is an online advertising company that offers free samples in exchange for signing up with affiliate programs. Beginning in or around late 2022, Flex's website buzzworthysamples.com, copied and pasted Tibrio's property for its own gain. This has caused Tibrio substantial damages for which it seeks remedy here.

11.     The true names and/or capacities, whether individual, corporate, associate, partnership, trust, or otherwise of defendants DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that defendants fictitiously named herein as a DOE was legally responsible, negligently, or in some other actionable manner, for the events and happening hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to allege the true names and capacities of these DOES and when they have been ascertained.

## III.

## JURISDICTION AND VENUE

12.     This Court has complete diversity jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332. Plaintiff Tibrio, LLC is a Delaware Limited Liability Company conducting business in San Diego, California. Tibrio, LLC's sole member is a citizen of Dubai and is not residing in the United States.

13.     Defendant Flex Marketing, LLC is a New York Limited Liability Company (DOS ID: 314895). The company's principal place of business is located at 1776 Broadway, New York, New York. Flex Marketing Group, LLC was founded and appears to be solely owned by Michael Held. *See* www.flexmg.com/team/michael-held/.  According to Mr. Held's LinkedIn profile, he is a resident of New York, New York. *See* www.linkedin.com/in/michael-held-9342911/.

FOURTH AMENDED COMPLAINT                          3:23-CV-01167-LL-BGS

Therefore, there is complete diversity between the members/owners of the Limited Liability Companies.

14. Plaintiff's damages exceed $75,000 as the value Tibrio would have received from the campaign through advertisers and publishers is over $75,000.

15. This Court has jurisdiction and venue is proper over Defendant because the events complained of occurred in San Diego County.

## IV.

## STATEMENT OF FACTS

16. Tibrio, LLC ("Tibrio") owns and operates many different properties, including the website thesavvysampler.com. This site specifically brings in visitors by promising sponsored products ranging from snack foods to athletic clothing.

17. In order to make money, Tibrio has developed a proprietary platform (the "Platform") to collect information from consumers who visit their websites.

18. Upon visiting thesavvysampler.com specifically, a consumer is presented with a list of different products to choose from. Once a consumer has decided what they want, they are either re-directed to an advertiser's website ("linkout") or are asked a series of questions regarding demographics and interests in exchange for the free sample ("opt-in"). This type of website/strategy is called "Co-Registration."

19. Tibrio makes money with this process by either selling the consumers' information to advertisers or allowing advertisers to put ads on the websites. In order to command the highest price possible, Tibrio has spent years developing thousands of details which attract visitors and encourage them to click on an advertisement.

20. The details which make Tibrio's websites different, and more profitable, include the way some questions are asked for the opt-in; the style of a border around an advertisement; what type of incentive is offered by an advertiser; and the overall appeal of the website. It took Tibrio years of research and millions

6

of dollars in investments to learn the best recipe for success as thousands of aspects on the website required testing against the older version to see which will be more successful. Something as simple as the style of border around an advertisement may increase overall sales by 7%. This is why customers agree to work with Tibrio.

21.     Tibrio believes that it is their system and painstaking research employees that has made the concept a success for so long. Researching what method works the best, and actually building the websites tailored to that research, is what made Tibrio the success it was before its design was stolen.

22.     The market in which Tibrio conducts business is highly saturated and in order to gain traction and command a higher price, a company must stand out. Many of the advertisers have a limited and capped budget. Money spent on other ad sites like Tibrio, immediately detracts from Tibrio's bottom line. In essence, for cyber advertisers it is a zero-sum game.

23.     Buzzworthysamples.com ("Buzzworthy") is an "independent rewards program that administers [websites] for consumers" created in August of 2022. Based on information and belief, the website buzzworthysamples.com is owned and operated by DLZ Offers and Consumer Concierge. According to its website, Buzzworthy is an "independent rewards program that administers [websites] for consumers…Completion of the rewards program will require a purchase of entering into a paid subscription program, and credit card offers may also require you to activate the card by making a purchase, transferring a balance and/or taking a cash advance."

24.     In early 2023, it was brought to the attention of Tibrio that the imagery and property it has invested years of research in is flagrantly being used by Buzzworthy.

FOURTH AMENDED COMPLAINT                                    3:23-CV-01167-LL-BGS

25.     One of the initial steps in creating an advertisement for Tibrio's properties includes taking a picture of the item being promoted. In 2018, Tibrio's employee Ian Straton took pictures of Adidas items (below) for an advertisement which Buzzworthy has cut and paste for its own advertisements.



26.     Another step in the process of creating an advertisement is the "copy" or language to entice the user to continue on with the process. This includes but is not limited to testing of different colors, punctuation, wording, emojis, shapes, and symbols.  Millions of dollars have been spent over the years by Tibrio to determine the exact language to accompany different incentive images it uses across its properties. Buzzworthy took the exact language, symbols, image, copy, button, and disclosures used and developed by Tibrio.

27.     Once Tibrio has obtained the attention of the consumer and caused them to click on the advertisement, they are brought to a page to enter in their information in exchange for the promoted item. This is an important stage of the process because if the information is not obtained with consent to be shared, there is very little benefit to the consumer interaction. Therefore, just like the first ad, thousands of different aspects of the data collection phase are carefully tested and

8

planned to maximize the chance the consumer will fill in their information. This includes promoting the item, not getting them bogged down in too much copy, appearing inviting, and crafting the shape/color of the continue button. As shown below, Buzzworthy has copied and pasted the aspects of Tibrio's strategy/imagery, copyrighted data, and intellectual property.



# V.

## **CAUSES OF ACTION**

## **FIRST CAUSE OF ACTION**

## NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

(Plaintiff against Defendant and DOES 1-100)

28.     Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

29.   Plaintiff and different advertisers and publishers have been in an economic relationship that probably would have resulted in a future economic benefit to Tibrio.

30.   Defendant had actual or construed knowledge of the relationships as it engages in the same industry.. Defendant also knew that the relationship would be disrupted if it failed to act with reasonable care.

31.   Defendant engaged in the conduct described herein without reasonable care to Tibrio's relationships and has caused actual disruption.

32.   Economic harm has been proximately caused by the Defendants negligence.

## SECOND CAUSE OF ACTION

INENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC

ADVANTAGE

(Plaintiff against Defendant and DOES 1-100)

33.   Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

34.   Plaintiff and advertisers or publishers were in an economic relationship that probably would have resulted in an economic benefit to Plaintiff.

35.   Defendants knew of the relationship as it is in the same type of business.

36.   Defendant engaged in the intentional acts described above which was designed to disrupt the relationship.

37.   Plaintiff's relationships were actually disrupted and economic harm has been caused by the Defendant's actions.

/ / /

/ / /

/ / /

/ / /

10

# VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Damages in an amount to be proven at trial;

2. For reasonable attorney's fees;

3. For prejudgment and post judgment interest, according to proof;

4. For costs of suit incurred herein; and,

5. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Gillick Legal, APC**

Dated:  December 8, 2023

 */s/ Jacob A. Gillick*
Jacob A. Gillick, Esq.
jgillick@gillicklegal.com
Attorneys for Plaintiff

FOURTH AMENDED COMPLAINT                    3:23-CV-01167-LL-BGS