Derek A. Newman (SBN: 190467)
dn@newmanlaw.com
Lindsey Pierce (SBN: 334925)
lindsey@newmanlaw.com
Derek Linke (SBN: 302724)
linke@newmanlaw.com
Newman llp
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Telephone:      (310) 359-8200
Facsimile:      (310) 359-8190

Counsel for Defendant
Flex Marketing, LLC

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>FLEX MARKETING, LLC and DOES 1-100, inclusive,<br><br>          Defendants. | Case No. 3:23-cv-01167-LL-BGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FLEX MARKETING, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF TIBRIO, LLC'S FOURTH AMENDED COMPLAINT**<br><br>The Honorable Linda Lopez<br><br>Hearing Date: January 31, 2024<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................1

FACTUAL BACKGROUND.....................................................................2

ARGUMENT .........................................................................................4

    A.    Tibrio's claims for alleged tortious interference with prospective economic advantage fail to state a claim for relief because they are preempted by the Copyright Act............................................5

        1.    The Copyright Act covers the subject matter of Tibrio's claims. ...............................................................................5

        2.    Tibrio asserts rights equivalent to those protected by the Copyright Act. .........................................................6

    B.    Tibrio fails to sufficiently allege facts that satisfy any element of a claim for intentional or negligent interference with prospective economic advantage. ...............................................7

        1.    Tibrio fails to plead the threshold element that Flex committed any independently wrongful act that diverted Tibrio's business..........................................................8

        2.    Tibrio fails to plead facts supporting the existence of an economic relationship, between it and some third party, that contains the probability of future economic benefit to Flex. ........ 11

        3.    Tibrio fails to plead sufficient facts showing Flex's knowledge of Tibrio's alleged relationships. ................................ 12

        4.    Tibrio fails to plead sufficient facts showing that Flex committed intentionally wrongful acts designed to disrupt the relationship, as required for an intentional-interference claim.................................................................. 12

        5.    Tibrio fails to plead that Flex failed to act with reasonable care, as is required for a negligent-interference claim. ................ 13

        6.    Tibrio fails to allege actual disruption of relationships................ 13

        7.    Tibrio fails to plead sufficient facts showing economic harm proximately caused by defendant's actions. ................................ 13

    C.    The court should dismiss Tibrio's claims without further leave to amend because amendment would be futile. ........................................ 14

CONCLUSION ................................................................................. 15

**Cases**

*Advanced Rsch. Ctr., Inc. v. Eisai Inc.*,
    No. 2:22-cv-02862-SSS-AFMx,
    2023 U.S. Dist. LEXIS 133462 (C.D. Cal. June 22, 2023) ............................... 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................... 4

*BioResource, Inc. v. US Pharmaco Distrib., Ltd.*,
    No. C 10-1053 SI,
    2010 U.S. Dist. LEXIS 69836 (N.D. Cal. July 13, 2010) ................................... 10

*Choudhuri v. Specialized Loan Servicing*,
    No. 22-cv-06993-JST,
    2023 U.S. Dist. LEXIS 171823 (N.D. Cal. Sep. 26, 2023) ......................... 14, 15

*Crown Imports, LLC v. Superior Court*,
    223 Cal. App. 4th 1395 (2014) ...................................................................... 8

*Garon v. eBay, Inc.*,
    No. C 10-05737 JW,
    2011 U.S. Dist. LEXIS 148621 (N.D. Cal. Nov. 30, 2011) ............................... 14

*Grosso v. Miramax Film Corp.*,
    383 F.3d 965 (9th Cir. 2004) ........................................................................ 6

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ....................................................................... 8, 12, 13

*Laws v. Sony Music Entm't, Inc.*,
    448 F.3d 1134 (9th Cir. 2006) .................................................................... 5, 7

*Lenhoff Enters. v. United Talent Agency, Inc.*,
    No. CV 15-01086-BRO (FFMx),
    2016 U.S. Dist. LEXIS 77958 (C.D. Cal. Apr. 20, 2016) ................................. 14

*LiMandri v. Judkins*,
    52 Cal. App. 4th 326 (1997) ....................................................................... 13

*Lions Gate Ent. Inc. v. TD Ameritrade Servs. Co., Inc.*,
    170 F. Supp. 3d 1249 (C.D. Cal. 2016) ......................................................... 14

*Maquet Cardiovascular LLC v. Saphena Med., Inc.*,
   No. C 16-07213 WHA,
   2017 U.S. Dist. LEXIS 81484 (N.D. Cal. May 26, 2017) .................................. 12

*Oldcastle Precast, Inc. v. Granite Precasting & Concrete, Inc.*,
   No. C10-322 MJP,
   2010 U.S. Dist. LEXIS 53775 (W.D. Wash. June 1, 2010) ........................... 6, 7

*Redbox Automated Retail, LLC v. Buena Vista Home Entm't, Inc.*,
   399 F. Supp. 3d 1018 (2019) ................................................................ 8, 9

*Redfearn v. Trader Joe's Co.*,
   20 Cal. App. 5th 989 (2018) ................................................................ 8, 9

*Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.*,
   2 Cal. 5th 505 (2017) ........................................................................ 11

*S. Cal. Elec. Firm v. S. Cal. Edison Co.*,
   No. 5:22-cv-00968-SPG-SHK,
   2023 U.S. Dist. LEXIS 54428 (C.D. Cal. Jan 10, 2023) ............................13, 14

*Sky Billiards, Inc. v. WolVol, Inc.*,
   No. CV 15-02182 RGK (KKx),
   2016 U.S. Dist. LEXIS 193629 (C.D. Cal. Feb. 22, 2016) ........................... 13

*Soil Retention Prods. v. Brentwood Indus.*,
   521 F. Supp. 3d 929 (S.D. Cal. 2021) ..................................9, 11, 13, 14

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013) ................................................................ 4

*Yellowcake, Inc. v. Morena Music, Inc.*,
   522 F. Supp. 3d 747 (E.D. Cal. 2021) ..................................................... 5

**Statutes & Rules**

17 U.S.C. § 102 ......................................................................................... 5

17 U.S.C. § 102(a)(5) .................................................................................. 5

17 U.S.C. § 103 ......................................................................................... 5

17 U.S.C. § 106 ......................................................................................... 5

17 U.S.C. § 301(a) .................................................................5

17 U.S.C. § 411 ....................................................................9

Cal. Bus. & Prof. Code § 17200 .......................................1, 10

Fed. R. Civ. P. 11 .................................................................3

Fed. R. Civ. P. 12(b)(6) .........................................................4

# INTRODUCTION

Plaintiff Tibrio, LLC has amended its complaint against Defendant Flex Marketing, LLC four times. Each complaint failed to include sufficient facts to plausibly state that Flex's alleged conduct violated any legal standard. The Fourth Amended Complaint ("4AC"), ECF No. 37, again only includes conclusory allegations lacking factual support, and thus fails to state a claim under both causes of action it asserts.

Tibrio and Flex each operate online-advertising companies that display ads and allow interested consumers to enter personal information. Tibrio complains that some Flex webpages, namely an online ad and a consumer-information-gathering webpage, are similar to Tibrio's. Tibrio initially filed a copyright-infringement claim against Flex, along with an unfair-competition claim ("UCL") under California Business and Professions Code § 17200 that essentially mirrored the copyright claim. Flex moved to dismiss the claims for failure to state a claim because Tibrio does not have a copyright registration for the images at issue, as required, and because the California unfair-competition-law claim is preempted by the Copyright Act. Tibrio withdrew its copyright claim but maintained the UCL claim. Subsequently, the Court dismissed Tibrio's UCL claim for failure to state a claim for relief. Now, Tibrio asserts claims against Flex for intentional and negligent interference with prospective economic advantage, claiming that Flex misappropriated the overall appearance of Tibrio's webpages.

But Tibrio's tortious-interference claims fail for at least two reasons. First, they are preempted by the federal Copyright Act, 17 U.S.C. § 301. The Copyright Act preempts state-law claims that fall under its subject matter and assert rights equivalent to those provided to copyright holders. Given that Tibrio asserts that Flex misappropriated its webpage content, Tibrio's claim is equivalent to a claim asserted under the Copyright Act and is thus preempted. Because each of Tibrio's claims have been based on the factual premise that Flex copied Tibrio's images and

thereby caused damages, any further amendment to add new claims will also be preempted and thus futile.

Second, Tibrio does not allege facts sufficient to show any of the required elements of its negligent or intentional interference claims. Interference claims require showing that the defendant's conduct was independently wrongful— meaning proscribed by and actionable under a separate legal standard for reasons other than that the alleged conduct diverted the plaintiff's business. Tibrio fails to identify any legal standard that Flex violated and thus fails to allege the threshold element required for either claim. Furthermore, Tibrio does not sufficiently allege whether any third-party relationships existed, whether they would yield Tibrio economic benefit, whether Flex knew of the relationships, how Flex interfered, or what economic benefit Tibrio lost. Instead of supporting any element of its claims with factual allegations, Tibrio recites the elements in a threadbare and conclusory manner. Tibrio has not and cannot state a claim against Flex, even after being provided with repeated attempts to do so. This Court should dismiss Tibrio's 4AC with prejudice and without leave to amend.

## FACTUAL BACKGROUND

Tibrio owns and operates the website "thesavvysampler.com" and alleges that Flex is responsible for "buzzworthysamples.com." 4AC ¶¶ 4, 9, 10. On June 23, 2023, Tibrio filed a complaint against Flex alleging copyright infringement and UCL violations. ECF No. 1. Both claims were based on allegations that Flex copied Tibrio's online ad and webpage. Flex met and conferred with Tibrio on July 13, 2023 about its anticipated motion to dismiss on the grounds that Tibrio failed to allege that its work was registered with the Copyright Office, as required, and that the UCL claim was preempted by the federal Copyright Act.

On July 28, Tibrio filed its First Amended Complaint asserting the same two claims. ECF No. 12. On August 17, Flex sent Tibrio a letter detailing the grounds for a motion to dismiss. Flex's letter reiterated that Tibrio could not bring a

copyright-infringement claim because the allegedly infringed works at issue were not registered with the Copyright Office and Tibrio did not allege infringement of any protectable elements of those works; and that Tibrio's UCL claim was preempted and also legally deficient. Flex cautioned that if Tibrio did not further amend or dismiss its claims, it would move to dismiss and move for sanctions under Rule 11 for filing an amended complaint with baseless factual contentions. Flex moved to dismiss, including on the grounds that Tibrio's UCL claim was preempted by the Copyright Act. ECF No. 15. Flex also served Tibrio with a Rule 11 sanctions motion regarding the lack of evidentiary support for Tibrio's copyright claim, which Tibrio withdrew in response. On September 28, Tibrio filed its Second Amended Complaint, withdrawing its copyright claim in response to the Rule 11 motion. ECF No. 23.

On October 12, 2023, Tibrio filed its Third Amended Complaint, amending allegations regarding subject-matter jurisdiction but otherwise continuing to assert its UCL claim. ECF No. 29. On October 30, the Court ordered Tibrio to show cause why the UCL claim should not be dismissed for lack of subject-matter jurisdiction. ECF No. 33. In response, Tibrio requested leave to file a further amended complaint, adding a claim for negligent interference with prospective economic advantage. ECF No. 34.

On December 1, the Court dismissed with prejudice Tibrio's UCL claim for failure to state a claim for relief because Tibrio failed to state an appropriate remedy. ECF No. 35. Additionally, the Court granted Tibrio leave to file a Fourth Amended Complaint to add a cause of action for negligent interference with prospective economic advantage. The Court also provided Tibrio with the required elements for a negligent-interference claim and applicable authority. *Id.* at 3.

On December 8, Tibrio filed its 4AC, with two claims for relief—negligent interference with prospective economic advantage and an additional, unauthorized claim for intentional interference for prospective economic advantage. ECF No. 37.

Tibrio's 4AC largely repeats the same factual allegations as those in its previous complaints. It again alleges that Flex copied an advertisement and parts of a consumer-information-gathering webpage: "Flex misappropriated the image, copy, symbols, and the button shape/ phrasing of Plaintiff," which "were painstakingly developed by Tibrio over the years." *See id.* ¶¶ 4–6. Tibrio claims that Flex "copied and pasted the aspects of Tibrio's strategy/imagery, copyrighted data, and intellectual property." *Id.* ¶ 27. It also includes side-by-side comparisons of the parties' ads and webpages, which each prominently displays the business name, website, and logo at the top—thesavvysampler (Tibrio) and buzzworthysamples (Flex). *See id.* ¶¶ 4, 6, 25, 27. Tibrio claims that through these actions, Flex has intentionally and negligently interfered with Tibrio's prospective economic advantage.

On December 13, Flex's counsel wrote to Tibrio's counsel, providing a detailed explanation, with authority, of the reasons that Tibrio's 4AC failed to state a claim for relief. On December 20, counsel met and conferred about the substance of Flex's anticipated motion. Flex urged Tibrio to withdraw its claims. It declined to do so.

## ARGUMENT

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should dismiss any claim based either on a lack of a cognizable legal theory or insufficient facts alleged under a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959–60 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Courts accept as true all well-pleaded allegations of material fact but are "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678. And courts need not grant leave to amend if further amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities.

*Yellowcake, Inc. v. Morena Music, Inc.*, 522 F. Supp. 3d 747, 757 (E.D. Cal. 2021).

Tibrio fails to state a claim for intentional or negligent interference with prospective economic advantage for two independent reasons. First, Tibrio's state-law claims are preempted by the Copyright Act. Second, Tibrio does not adequately allege facts supporting any of the required elements for its interference claims, including the key threshold requirement that Tibrio allege an independently wrongful act. Because the Court has already provided Tibrio repeated attempts to cure deficiencies with its pleadings, further amendment would be futile and the Court should dismiss Tibrio's claims with prejudice.

**A.  Tibrio's claims for alleged tortious interference with prospective economic advantage fail to state a claim for relief because they are preempted by the Copyright Act.**

The Copyright Act preempts rights under common law or state statutes that "are equivalent to any of the exclusive rights within the general scope of copyright as specified by [17 U.S.C. § 106]." 17 U.S.C. § 301(a). To determine whether a claim is preempted, the Ninth Circuit first "determine[s] whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103." *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006) (footnotes omitted). Second, if the subject matter falls under the Copyright Act, then the court considers whether the state-law rights are equivalent to the rights provided to copyright holders under 17 U.S.C. § 106; *see also Laws*, 448 F.3d at 1137–38. Tibrio's interference claims satisfy both steps and are therefore preempted by the Copyright Act.

**1.  The Copyright Act covers the subject matter of Tibrio's claims.**

First, state tortious-interference claims are preempted when they relate to subject matter within the Copyright Act's scope. The Act extends copyright protection to "original works of authorship…" and defines a "work of authorship" to include "pictorial" and "graphic works." 17 U.S.C. § 102(a)(5). Tibrio's

interference claims relate to an image of an advertisement and of a consumer-information-gathering webpage allegedly created by Tibrio, which it alleges that Flex copied and used on its website. 4AC ¶¶ 4–6. Tibrio pastes screen shots of the allegedly copied images into the 4AC, explaining that "Flex misappropriated the image, the copy, symbols, and the button shape/phrasing of" the webpages. *Id.* ¶ 5. The subject matter of Tibrio's claims is Flex's alleged use of Tibrio's images, and thus the subject matter of the claims falls squarely into the scope of pictorial and graphic works covered by the Copyright Act. *See Oldcastle Precast, Inc. v. Granite Precasting & Concrete, Inc.*, No. C10-322 MJP, 2010 U.S. Dist. LEXIS 53775, at *7 (W.D. Wash. June 1, 2010) (dismissing as preempted interference claim based on alleged misappropriation of copied elements used to cause competitive harm).

### 2. Tibrio asserts rights equivalent to those protected by the Copyright Act.

Second, to survive preemption, a state-law claim must protect rights that are qualitatively different from rights protected by the Copyright Act. *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004), *amended on denial of reh'g* 400 F.3d 658 (9th Cir. 2005). The Copyright Act outlines the exclusive rights of a copyright owner, including reproduction of the work, preparation of derivative works, distribution, and public performance and display of the work. 17 U.S.C. § 106(1)–(5). Thus, to survive preemption, Tibrio's interference claims "must allege an 'extra element' that changes the nature of the action" beyond a violation of those rights. *See Grosso*, 383 F.3d at 968.

But the rights asserted in Tibrio's interference claims are qualitatively identical to those provided to copyright holders. For example, Tibrio alleges that Flex "was using [Tibrio's] property by intentionally copying and pasting direct advertisements which had been developed" by Tibrio. 4AC ¶ 24. The crux of Tibrio's claims is that "Defendant has shamefully used Tibrio's property without permission, which has caused damages." *See id.* ¶ 7. Tibrio's claims thus assert

violations of the same rights as those protected under the Copyright Act, namely reproduction, distribution, and display of its creative works. Tibrio's tortious-interference claims thus implicate "all of Plaintiff's alleged rights under the Copyright Act and lack[] an extra element." *Oldcastle*, 2010 U.S. Dist. LEXIS 53775, at *7.

Under similar facts to this case, district courts find tortious-interference claims preempted by the Copyright Act. For example, in *Oldcastle*, the plaintiff brought tortious-interference claims against a competitor who it alleged "marketed Plaintiff's designs and drawings as its own." *Id.* at 6. Just as Tibrio's claim is based on the allegation that Flex "copied and pasted the aspects of Tibrio's strategy/imagery, copyrighted data, and intellectual property" into its advertisement (4AC ¶ 27), the *Oldcastle* plaintiff "allege[d] Defendant misappropriated its copyrighted materials, and used them to Plaintiff's detriment in competiti[on]." *Oldcastle*, 2010 U.S. Dist. LEXIS 53775, at *7. That court found that the tortious-interference claim "involves the same essential elements" as a claim under the Copyright Act and that that "the mere presence of an additional element ('commercial use') in [the state-law claim] is not enough to qualitatively distinguish" the claim from a copyright claim. *Id.* (quoting *Laws*, 448 F.3d at 1144). Thus, the court dismissed the interference claim on preemption grounds. *Id.* This Court should also dismiss Tibrio's claims for asserting rights identical to those protected by the Copyright Act.

**B.  Tibrio fails to sufficiently allege facts that satisfy any element of a claim for intentional or negligent interference with prospective economic advantage.**

To plead a claim for intentional interference with prospective economic advantage, a plaintiff must allege facts showing: (1) the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the defendant's

knowledge of the relationship; (3) intentionally wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the defendant's action. *Redfearn v. Trader Joe's Co.*, 20 Cal. App. 5th 989, 1005 (2018). Additionally, a claim for negligent interference requires alleging that the defendant failed to act with reasonable care. *Id.*

Tibrio's 4AC does not allege facts support any required element of these claims. Instead, Tibrio largely recycles the factual allegations of its previous complaints, merely swapping out the elements of its previous claims with the elements of its new interference claims. As a result, Tibrio recites each element of its interference claims in a threadbare and conclusory manner, unaccompanied by factual support, and inadequate to state a claim for relief.

**1. Tibrio fails to plead the threshold element that Flex committed any independently wrongful act that diverted Tibrio's business.**

Given that the law encourages market competition, interfering with a competitor's prospective economic advantage is not inherently wrong. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1158 (2003). Rather, courts impose liability when commercial entities use unlawful methods outside the bounds of fair competition to divert business relationships. *Crown Imports, LLC v. Superior Court*, 223 Cal. App. 4th 1395, 1404–05 (2014). Thus, a plaintiff alleging intentional or negligent interference with prospective economic advantage must plead and prove the additional threshold element that defendant's interfering act was independently wrongful for reasons other than that it diverted plaintiff's business. *Redfearn*, 20 Cal. App. 5th at 1005. Thus, Courts properly dismiss intentional and negligent interference claims when the complaint fails to allege that the defendant's interference constituted an independently wrongful act. *E.g. Redbox Automated Retail, LLC v. Buena Vista Home Entm't, Inc.*, 399 F. Supp. 3d 1018, 1033 (2019). Conduct is independently wrongful when it is proscribed by some determinable legal standard, like a constitutional, statutory, regulatory, or common

law. *Redfearn*, 20 Cal. App. 5th. at 1006.

Although a plaintiff is not required to plead a separate, stand-alone tort, it must identify independently actionable conduct, meaning the conduct gives rise to a sanction or means of enforcement. *Id.* Independently actionable wrongful interference often includes violations of federal or state law or unethical business practices, *e.g.*, violence, misrepresentation, defamation, trade libel, or trademark infringement. *Soil Retention Prods. v. Brentwood Indus.*, 521 F. Supp. 3d 929, 961 (S.D. Cal. 2021). Even if a plaintiff alleges that the defendant acted unlawfully, courts will dismiss the claim if they find that the plaintiff included conclusory allegations of unlawfulness or that the specific conduct alleged does not amount to unlawful behavior. *Redbox*, 399 F. Supp. 3d at 1033.

Tibrio's complaint does not identify any independent statute or law that Flex violated, and Tibrio has not alleged conduct by Flex that amounts to sanctionable conduct, enforceable under any legal standard. *See* 4AC. Indeed, none of Tibrio's previous claims against Flex in this case have survived because Flex cannot identify any law that proscribes Flex's conduct. Flex's conduct is not actionable under either of the two laws Tibrio will likely argue Flex violated: the Copyright Act and California's unfair competition law.

First, although Tibrio includes conclusory allegations that Flex unlawfully used its copyrighted material (*see* 4AC ¶ 27), Flex has not engaged in conduct that is prohibited by the Copyright Act. Tibrio cannot allege that it owns a copyright registration for the images at issue—nor has it alleged any protectible elements in the images—so it cannot enforce or sanction Flex under the Copyright Act. *See* 17 U.S.C. § 411; *see also Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019) (affirming dismissal of copyright claims filed without mandatory registration). As in *Redbox*, Tibrio's allegations of unlawful conduct are either conclusory or the conduct alleged does not amount to unlawful behavior, and therefore cannot support an interference claim. *See Redbox*, 399 F. Supp. 3d at 1033.

Tibrio does not and cannot allege that the images at issue are protected by any intellectual-property law or legal standard, so it has failed to allege independently actionable or enforceable conduct.

Second, Tibrio cannot invoke its previously dismissed unfair-competition law claim as the basis for the "independently wrongful conduct" element. This is both because Tibrio's 4AC does not plead that a UCL violation was the basis of Flex's wrongful conduct and because this Court previously dismissed the UCL claim for failure to state a claim for relief. *See BioResource, Inc. v. US Pharmaco Distrib., Ltd.*, No. C 10-1053 SI, 2010 U.S. Dist. LEXIS 69836, at *5 (N.D. Cal. July 13, 2010). In *BioResource*, the plaintiff brought claims for UCL violations and for tortious interference with prospective economic advantage. Just as this Court dismissed Tibrio's UCL claim for failing to state an appropriate remedy, the *BioResource* court dismissed that UCL claim for improperly seeking "lost profits, damages and lost business advantage." *Id.* at 7. The *BioResource* court provided similar reasoning as this Court, stating that the 2004 amendments to California's unfair-competition law eliminated private plaintiffs' standing to maintain a UCL suit if they could not state a factual basis for restitutionary relief. *Id.* at 5.

Thus, the *BioResource* court also found that the plaintiff could not base the "independently wrongful conduct" element of its interference claim on its defective UCL claim. *Id.* Because the defendant's alleged conduct was not enforceable or actionable under the UCL, the plaintiff could not rely on the UCL to argue that the defendant's conduct was unlawful: "to the extent plaintiff wishes to rely on a violation of § 17200 as the 'wrongful conduct,' the § 17200 claim has been dismissed." *Id.* Furthermore, the plaintiff did not specifically allege that the UCL violation constituted the wrongful conduct underlying the tortious-interference claim, but rather only argued this in its opposition to the motion to dismiss. *Id.* Thus, for the same reasons the *BioResource* court found that plaintiff's UCL claim could not satisfy the "independently wrongful conduct" element, Tibrio cannot

1  base the "independently wrongful conduct" element of its interference claim on its

2  dismissed UCL claim.

3

4  **2.**  **Tibrio fails to plead facts supporting the existence of an economic relationship, between it and some third party, that contains the probability of future economic benefit to Flex.**

5

6  This element requires alleging a particular, existing relationship with an

7  identifiable third party. *Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.*, 2 Cal. 5th

8  505, 516 (2017). Tibrio fails to do so, only alleging that "Plaintiff and different

9  advertisers and publishers have been in an economic relationship that probably

10  would have resulted in future economic benefit to Tibrio." 4AC ¶ 29. This element

11  is insufficiently plead where a complaint only states that Plaintiff "and its partners,

12  including licensees, were in economic relationships that would probably result in

13  future economic benefit to [Plaintiff]." *Soil Retention Prods.*, 521 F. Supp. 3d at 962.

14  As in *Soil Retention Products*, Tibrio fails to allege a particular, existing third-party

15  relationship, so the Court cannot determine whether plaintiff has an expectancy of

16  economic advantage from them. *See id.*

17  Courts have held that an interference claim resting on "a hope of future

18  transactions" is insufficient. *Id*. This type of claim for "interference with the

19  market" or "lost opportunity" is unduly speculative because it "assumes what

20  normally must be proved, i.e., that it is reasonably probable the plaintiff would have

21  received the expected benefit had it not been for the defendant's interference." *Roy*

22  *Allan*, 2 Cal. 5th at 516. Tibrio's 4AC references damages that it "would have

23  received from the campaign through advertisers and publishers." 4AC ¶ 14.

24  Tibrio's opaque claims that it expected to receive money from unidentified

25  advertisers and publishers through advertising campaigns amounts to a "hope of

26  future transactions" or "lost opportunity" claim that is insufficient to satisfy this

27  element. *See Soil Retention Prods.*, 521 F. Supp. 3d at 962.

28

### 3. Tibrio fails to plead sufficient facts showing Flex's knowledge of Tibrio's alleged relationships.

Pleading that two companies know of each other's business relationships because they operate in the same industry is insufficient to satisfy this element. *Advanced Rsch. Ctr., Inc. v. Eisai Inc.*, No. 2:22-cv-02862-SSS-AFMx, 2023 U.S. Dist. LEXIS 133462, at *17 (C.D. Cal. June 22, 2023). Tibrio alleges that Flex had knowledge of Tibrio's business relationships "as it engages in the same industry" and "is in the same type of business." 4AC ¶¶ 30, 37. The allegation that a defendant is aware of plaintiff's prospective business relationships just because both companies compete for business is "conclusory" and "a non sequitur." *Maquet Cardiovascular LLC v. Saphena Med., Inc.*, No. C 16-07213 WHA, 2017 U.S. Dist. LEXIS 81484, at *13 (N.D. Cal. May 26, 2017). Companies "can compete in the same market without ever knowing about each other's economic relationships." *Id.* Thus, Tibrio's allegations that Flex knew of Tibrio's relationships merely because they operate in the same industry are insufficient.

### 4. Tibrio fails to plead sufficient facts showing that Flex committed intentionally wrongful acts designed to disrupt the relationship, as required for an intentional-interference claim.

A plaintiff must, at the very least, allege facts showing that the defendant is substantially certain to interfere with the plaintiff's business expectancy. *Korea Supply*, 29 Cal. 4th at 1164–65. "This interference becomes less certain as the time frame expands" and "the causal sequence becomes more attenuated." *Id.* Tibrio alleges that "Defendant engaged in the intentional acts described above which was designed to disrupt the relationship," referencing Flex's alleged copying of Tibrio's ad and webpage. 4AC ¶ 36. Tibrio alleges no time frame and does not explain how Flex's conduct caused Tibrio economic loss. Given that the allegations do not demonstrate substantial certainty between the conduct Tibrio alleges and any business expectancy, Tibrio has not adequately alleged this element.

**5. Tibrio fails to plead that Flex failed to act with reasonable care, as is required for a negligent-interference claim.**

The tort of negligent interference with economic relationship arises only when the defendant owes the plaintiff a duty of care. *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 348 (1997). Here, Tibrio alleges only that "Defendant had actual or construed knowledge of the relationships as it engages in the same industry. Defendant also knew that the relationship would be disrupted if it failed to act with reasonable care." 4AC ¶ 30. But a duty of care cannot exist between a plaintiff and defendant to support a negligent-interference claim if the parties are business competitors. *See Sky Billiards, Inc. v. WolVol, Inc.*, No. CV 15-02182 RGK (KKx), 2016 U.S. Dist. LEXIS 193629, at *14 (C.D. Cal. Feb. 22, 2016). And where the parties are competitors, a district court properly dismisses with prejudice a negligent-interference claim because this duty cannot exist. *Id.*; *see also S. Cal. Elec. Firm v. S. Cal. Edison Co.*, No. 5:22-cv-00968-SPG-SHK, 2023 U.S. Dist. LEXIS 54428, at *32 (C.D. Cal. Jan 10, 2023). Tibrio has failed to allege this element and its negligent-interference claim should be dismissed with prejudice. *See id.*

**6. Tibrio fails to allege actual disruption of relationships.**

Tibrio concludes that "Plaintiff's relationships were actually disrupted." 4AC ¶ 37. But Tibrio "failed to point to any particular company or opportunity that was disrupted as a result of the allegedly tortious action," and thus also fails to adequately plead this element. *See Soil Retention Prods.*, 521 F. Supp. 3d at 961.

**7. Tibrio fails to plead sufficient facts showing economic harm proximately caused by defendant's actions.**

This element requires a plaintiff to allege that the economic harm it suffered was proximately caused by the acts of the defendant. *Korea Supply*, 29 Cal. 4th at 1165. Tibrio concludes that "economic harm has been caused by the Defendant's actions." 4AC ¶ 37. Tibrio fails to allege what these losses are, such as whether there are losses identifiable to a specific contract loss. *See Soil Retention Prods.*, 521

F. Supp. 3d at 961. This unsupported allegation does not demonstrate proximate causal connection between Flex's alleged conduct and Tibrio's alleged loss and is thus insufficient. *See id.*

## C. The court should dismiss Tibrio's claims without further leave to amend because amendment would be futile.

Courts may refuse leave to amend when the plaintiff has filed multiple amended complaints and failed to successfully amend its pleadings. *See Lenhoff Enters. v. United Talent Agency, Inc.*, No. CV 15-01086-BRO (FFMx), 2016 U.S. Dist. LEXIS 77958, at *36 (C.D. Cal. Apr. 20, 2016). Here, Tibrio has already amended its complaint four times and has still failed to allege facts showing that Flex violated any law or engaged in any wrongful conduct under any cause of action. Despite receiving multiple opportunities to state a claim against Flex, Tibrio has repeatedly failed to do so, relying instead on conclusory assertions and deficient legal theories. Because the Court has given Tibrio repeated attempts to state a claim for relief and Tibrio has repeatedly demonstrated it cannot do so, the Court should not grant leave to amend. *See Choudhuri v. Specialized Loan Servicing*, No. 22-cv-06993-JST, 2023 U.S. Dist. LEXIS 171823, at *4 (N.D. Cal. Sep. 26, 2023).

Additionally, Courts may dismiss an interference claim with prejudice, even if plaintiff has not previously had the opportunity to amend that particular claim, if the court determines that plaintiff cannot allege the additional facts necessary to adequately plead the claim. *See S. Cal. Elec. Firm*, 2023 U.S. Dist. LEXIS 54428, at *32. Amendments of tortious interference claims are futile when plaintiffs have not adequately pleaded any other violation of law. *See Garon v. eBay, Inc.*, No. C 10-05737 JW, 2011 U.S. Dist. LEXIS 148621, at *27 (N.D. Cal. Nov. 30, 2011). Furthermore, new facts will not save Tibrio's claims because they are preempted by the Copyright Act, so further amendment would be futile. *See Lions Gate Ent. Inc. v. TD Ameritrade Servs. Co., Inc.*, 170 F. Supp. 3d 1249, 1267 (C.D. Cal. 2016). Tibrio's interference claims are legally deficient, even after the Court's Order

identified the necessary elements and provided the relevant authority explaining the elements.

There is no reason to believe that Tibrio would adequately plead these claims after further leave to amend. Because Tibrio's pleadings cannot be cured and amendment would be futile, the Court should dismiss Tibrio's claims without leave to amend. *See Choudhuri*, 2023 U.S. Dist. LEXIS 171823, at *16.

## CONCLUSION

Despite already amending its complaint four times, Tibrio's claims remain legally deficient on multiple grounds. Its state-law tortious-interference claims are preempted by the Copyright Act. And even if they weren't preempted, Tibrio has failed to allege any of the required elements, including the threshold requirement that it allege independently wrongful conduct. Flex respectfully requests that the Court dismiss Tibrio's claims with prejudice and without further leave to amend.

Dated: December 27, 2023

Respectfully submitted,

Newman LLP

/s/ Derek Linke
Derek A. Newman (SBN: 190467)
*dn@newmanlaw.com*
Lindsey Pierce (SBN: 334925)
*lindsey@newmanlaw.com*
Derek Linke (SBN: 302724)
*linke@newmanlaw.com*

Counsel for Defendant
Flex Marketing, LLC