Derek A. Newman (SBN: 190467)
*dn@newmanlaw.com*
Lindsey Pierce (SBN: 334925)
*lindsey@newmanlaw.com*
Derek Linke (SBN: 302724)
*linke@newmanlaw.com*
Newman llp
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Telephone:     (310) 917-1000
Facsimile:     (310) 917-1001

Counsel for Defendant
Flex Marketing, LLC

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO, LLC | Case No. 3:23-cv-01167-LL-BGS |
| Plaintiff, | **DEFENDANT FLEX MARKETING, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| FLEX MARKETING, LLC and DOES 1-100, inclusive., | The Honorable Linda Lopez |
| Defendants. | Hearing Date: January 31, 2024 |

**INTRODUCTION**

The Court should dismiss Tibrio, LLC's Fourth Amended Complaint ("4AC"), ECF No. 37, without leave to amend. When Tibrio requested leave to file a fifth complaint against Flex Marketing, LLC, the Court provided it with the elements of an interference claim and key legal authority explaining those requirements. But Tibrio still filed a deficient 4AC that lacks factual allegations supporting each element of both of its claims. Instead of opposing Flex's motion to dismiss by asserting that has sufficiently pleaded the elements in its 4AC, Tibrio asks for further leave to amend to cure its deficiencies.

Given this Court's discretion to determine whether leave to further amend is proper, the Court should not allow Tibrio to continue wasting judicial resources and forcing Flex to incur yet more attorneys' fees responding to legally baseless complaints. Tibrio has demonstrated that granting leave for further amendment would be an exercise in futility and the Court should dismiss Tibrio's claims with prejudice.

**ARGUMENT**

Tibrio concedes that it has not pleaded facts supporting several required elements of its tortious-interference claims. Thus, Tibrio's 4AC must be dismissed under Rule 12(b)(6) for failing to allege sufficient facts to state a claim for relief for either negligent or intentional interference with prospective economic advantage. *See Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

Tibrio asks for yet further leave to amend to allege additional facts under each element of both tortious-interference claims. *See, e.g.*, ECF No. 41 ("Opposition") at 11:3 ("Plaintiff requests leave to detail these elements in its Complaint"). But Courts need not grant leave to amend when amendment would be futile. *See Reddy v. Litton Indus.*, 912 F.2d 291, 296–97 (9th Cir. 1990) (affirming dismissal without leave to amend where amendment "would not cure the deficiencies in the complaint."). Granting Tibrio leave to amend would be futile for at least three

DEF. FLEX MARKETING, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS

reasons: (1) The subject matter of each version of Tibrio's complaints are preempted by the Copyright Act and thus barred as a matter of law; (2) Tibrio cannot possibly allege new facts that would save its claims without contradicting its original allegations; and (3) Tibrio has demonstrated through multiple pleadings and the arguments in its Opposition that it cannot successfully cure the deficiencies in its pleadings.

**A.    Because Tibrio's claims are preempted by the Copyright Act regardless of whether it holds copyright registrations or asserts infringement, its state-law interference claims are barred as a matter of law.**

Amendment is futile when the plaintiff's proposed amended claims would be barred as a matter of law. *See Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1067 (9th Cir. 2016) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Tibrio's proposed amended claims will still be preempted by the Copyright Act, and therefore subject to dismissal because they are legally barred. Tibrio argues that there is no conflict between the Copyright Act and its claims because Tibrio's works are not registered as copyrights and are not protected by the Copyright Act. Opposition at 4: 16–19. But copyright preemption does not depend on whether the state-law claim involves a registered work. Rather, the Copyright Act broadly preempts all "rights that are equivalent to any of the exclusive rights within the general scope of copyright…" 17 U.S.C. § 301.

Legislative history confirms that preemption under 17 U.S.C. § 301 "prevents the States from protecting [a work] even if it fails to achieve Federal statutory copyright because it is too minimal or lacking in originality to qualify…." H.R. Rep. No. 94-1476 (1976). And regardless of whether the work at issue is "copyrighted under the Federal statute, the States cannot offer it protection equivalent to copyright." *Id.* The House Report unambiguously affirms that Tibrio cannot use state laws to protect its web images, even though the images are not registered copyrights and probably do not qualify for copyright protection.

1    Additionally, the Ninth Circuit recently affirmed that a plaintiff does not need
2  to assert infringement of a registered work for the Copyright Act to preempt its
3  claims. *Best Carpet Values, Inc. v. Google, LLC*, No. 22-15899, 2024 U.S. App.
4  LEXIS 759, *19 (9th Cir. Jan. 11, 2024). Applying the Ninth Circuit's two-step
5  preemption analysis, *Best Carpet Values* held that the complaint's allegations
6  implicated exclusive rights of copyright holders and were therefore preempted. *Id.*
7  at *20. The court found preemption even though the plaintiffs' state-law claims did
8  not specifically assert infringement, because the complaint implicated the rights to
9  display, reproduce, or prepare derivative works of plaintiffs' websites. *Id.* The
10  court explained that even though the website at issue was not copyrighted, the
11  website still fell under the subject matter of the Copyright Act because "the scope
12  of the subject matter of copyright law is broader than the protections it affords." *Id.*
13  at *18.

14    Similarly, even though Tibrio's state-law claims do not specifically assert
15  copyright infringement, they implicate the rights to display, reproduce, and prepare
16  derivative works of its website images. For example, Tibrio alleges that
17  "advertisements on Defendant's website, Buzzworthysamples.com, were similar if
18  not identical to Tibrio's ads;" that "Flex misappropriated the image, the copy,
19  symbols, and the button shape/phrasing of Plaintiff;" and that Flex "has copied
20  and pasted the aspects of Tibrio's strategy/imagery, copyrighted data, and
21  intellectual property…."4AC ¶¶ 4, 5, 27. Thus, the allegations implicate rights
22  equivalent to the rights under the Copyright Act and are preempted.

23    The Copyright Act's plain language, legislative history, and Ninth Circuit
24  precedent all make clear that Tibrio's claims are preempted regardless of whether
25  it holds a copyright registration or asserts infringement. Thus, further amendment
26  would be futile because the rights asserted are preempted. *See Lions Gate Ent. Inc.*
27  *v. TD Ameritrade Servs. Co., Inc.*, 170 F. Supp. 3d 1249, 1268 (C.D. Cal. 2016)
28  (dismissing state-law claim with prejudice where further amendment would be

1  futile because of Copyright Act preemption).

2

3  **B.  Tibrio cannot allege the additional facts necessary to support several**
**required elements of its claims without contradicting its original**
**pleadings, so further amendment would be futile.**

4

5        Amendments to complaints are also futile when the party cannot amend its

6  pleadings without contradicting an earlier assertion made in the same proceeding.

7  *See Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt.*, 744 F.3d 595, 600

8  (9th Cir. 2014). Amended complaints must only allege additional facts consistent

9  with the challenged pleading. *See Reddy*, 912 F.2d at 296 (affirming dismissal

10  without leave to amend where it "would not be possible" for the plaintiff to make

11  necessary amendments "without contradicting any of the allegations of his original

12  complaint.").

13

14  **1.  Tibrio cannot allege a duty of care between the parties as required**
**for its negligent-interference claim without contradicting its**
**previous pleadings.**

15

16        Tibrio concedes that it did not adequately allege that Flex failed to act with

17  reasonable care, a required element of a negligent-interference claim. *See Redfearn*

18  *v. Trader Joe's Co.*, 20 Cal. App. 5th 989, 1005 (2018). Thus, Tibrio requests leave

19  to allege facts supporting this element. Opposition at 11:3. It would be futile for

20  Tibrio to amend its allegations related to a duty of care because Tibrio cannot

21  possibly allege this element without directly contradicting its previous allegations.

22        Tibrio has alleged that the parties are business competitors by alleging that

23  Tibrio and Flex "engage in the same industry," are "in the same type of business,"

24  and that when advertisers give their business to Flex, it detracts from Tibrio's

25  profits. 4AC ¶¶ 22, 30, 37. A duty of care cannot exist between a plaintiff and

26  defendant to support a negligent-interference claim if the parties are business

27  competitors. *See Sky Billiards, Inc. v. WolVol, Inc.*, No. CV 15-02182 RGK (KKx),

28  2016 U.S. Dist. LEXIS 193629, at *14 (C.D. Cal. Feb. 22, 2016). Tibrio cannot

possibly allege additional facts that would save its negligent-interference claim because this duty cannot exist between competitors. *See S. Cal. Elec. Firm v. S. Cal. Edison Co.*, No. 5:22-cv-00968-SPG-SHK, 2023 U.S. Dist. LEXIS 54428, *32 (C.D. Cal. Jan 10, 2023).

Thus, leave to amend would be futile because Tibrio could not allege a duty of care without directly contradicting its allegations that the parties compete for business. The negligent-interference claim should be dismissed with prejudice.

> **2. Tibrio cannot allege that Flex intentionally disrupted economic relationships as required for its intentional-interference claim without contradicting previous pleadings.**

Tibrio mistakenly asserts that it "has sufficiently made the allegations to support the argument that the acts were designed to knowingly disrupt the relationship." Opposition at 10:14–15. Yet Tibrio also concedes that it did not adequately allege facts supporting that Flex had knowledge of Tibrio's existing economic relationships or that Flex actually disrupted any relationships. *See id.* at 11:21. Tibrio could not have adequately pleaded that Flex intentionally disrupted its relationships when Tibrio did not plead knowledge or actual disruption of those relationships. Nor is there any reason to believe Tibrio could plausibly allege that Flex intentionally disrupted Tibrio's economic relationships without contradicting earlier pleadings.

Tibrio has repeatedly insisted that Flex's act of interference consists of copying Tibrio's ads, thereby causing advertisers to spend their money on Flex's ad sites instead of Tibrio's ad sites and that such copying allegedly detracts from Tibrio's profits and market value. *See* 4AC ¶ 22. But allegations about a defendant's "interference with the market" or the plaintiff's "lost opportunity" are unduly speculative and do not meet the pleading standard for intentional interference. *Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.*, 2 Cal. 5th 505, 516 (2017). Thus, assertions that Flex affected relationships between Tibrio and a

potential class of clients are too attenuated and uncertain to support the element of intentional acts designed to disrupt existing relationships. *See id.*; *see also Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1164–65 (2003) (intentional interference must be "certain or substantially certain to occur as a result of the defendant's acts").

Given that Tibrio's theory of interference has rested on lost opportunity and lost profit claims, it cannot now advance contradicting allegations about Flex's conduct as would be necessary to plead the missing elements of this claim. *See Airs Aromatics*, 744 F.3d at 600. Thus, further amendment would be futile and the intentional-interference claim should be dismissed with prejudice.

**C.    Because Tibrio has demonstrated that it cannot successfully cure the deficiencies of its 4AC, further** amendment would be futile.

Courts consider further amendment futile when plaintiffs demonstrate that they cannot successfully cure deficiencies despite repeated attempts. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Tibrio is requesting leave to file a sixth iteration of its complaint based on the same underlying facts. But each previous complaint, along with the arguments in its Opposition, indicate that it cannot successfully cure its deficiencies.

**1.    The Court provided Tibrio the elements of a negligent-interference claim yet Tibrio still did not adequately plead any required element.**

The Court provided Tibrio the relevant authority that lists the required elements and explains the allegations necessary to support each element. ECF No. 35, quoting and citing *Redfearn*, 20 Cal. App. 5th at 1005. Yet Tibrio's 4AC recycled the factual allegations of its previous complaints and only recited the elements of an interference claim as legal conclusions. Tibrio failed to address the required independently wrongful act element, which *Redfearn* discussed at length. *See id.* at 1005. Tibrio has already amended four times, the Court provided it with a clear roadmap for successfully pleading an interference claim, yet Tibrio still filed a

1  grossly deficient pleading. There is no reason to believe that Tibrio can successfully

2  amend with further leave.

### 2. The amendments Tibrio proposes in its Opposition demonstrate that leave to amend will constitute an exercise in futility.

5      Courts may also determine that leave to amend would be futile by the

6  arguments and proposed amendments asserted in a plaintiff's opposition to a

7  motion to dismiss. *See Richards v. Cty. of L.A.*, No. CV 17-0400 PSG (AGRx), 2017

8  U.S. Dist. LEXIS 218473, *20–21 (C.D. Cal. Oct. 20, 2017) (denying leave to file a

9  second amended complaint to assert a new cause of action because the opposition

10  demonstrates that the proposed amendments will still be subject to dismissal).

11  Here, Tibrio's arguments in its Opposition confirm that it would still not

12  successfully amend its claims even if granted further leave for at least two reasons.

13      First, Tibrio's Opposition insists that its dismissed UCL claim can remain the

14  basis for the independently-wrongful-act element of its interference claims. This

15  directly contradicts caselaw stating that Tibrio's dismissed UCL claim cannot

16  support the independently-wrongful-act element because (1) the UCL claim was

17  dismissed for seeking relief not available under the UCL and (2) Tibrio did not

18  allege the UCL claim was the basis for the independently wrongful conduct until its

19  opposition. *BioResource, Inc. v. US Pharmaco Distrib., Ltd.*, No. C 10-1053 SI, 2010

20  U.S. Dist. LEXIS 69836, *4 (N.D. Cal. July 13, 2010) (finding that previously

21  dismissed UCL claim cannot provide basis for "wrongful conduct" element

22  required for interference claim). This Court dismissed Tibrio's UCL claim for

23  seeking an inappropriate remedy, and Tibrio also did not allege the UCL claim was

24  the basis of its interference claim until its Opposition. ECF No. 35; 4AC. Thus,

25  because Tibrio's interference claims would still be subject to dismissal should it

26  attempt to base them on its dismissed UCL claim, further amendment is futile.

27      Second, Tibrio's Opposition argues that it has sufficiently pleaded the

28  element that Flex acted with knowledge and states that it will add additional details

1  under this element. Opposition at 10:5. But Tibrio's misunderstanding of the facts

2  required to support this element indicates that amendment would be futile. Tibrio

3  argues that "Flex Knows that Tibrio does Not Create Advertisements for Free"

4  and Flex copied an advertisement "with knowledge that it would generate specific

5  leads that advertisers/publishers are looking for." Opposition at 9:21, 10:1–2. But

6  Tibrio was required to allege facts demonstrating that Flex had knowledge of

7  Tibrio's existing economic relationships. *See Redfearn*, 20 Cal. App. 5th at 1005.

8  Thus, Tibrio would not be able to plausibly plead that Flex had such knowledge and

9  further amendment would be futile.

10       The Court provided Tibrio with the required elements for an interference

11  claim and it still did not sufficiently allege them. Then, Tibrio indicated in its

12  Opposition that if given leave to amend, it still will not adequately plead facts to

13  support the elements. Because Tibrio has thoroughly demonstrated that it cannot

14  cure deficiencies despite repeated attempts, leave to amend would be futile. *See*

15  *Leadsinger*, 512 F.3d at 532.

16  **D.   The parties properly met and conferred after Flex sent Tibrio a letter**

17  **      outlining the deficiencies in its 4AC.**

18       Tibrio's Opposition claims that Flex refused to properly meet and confer with

19  Tibrio and did not substantively discuss the points contained in its motion to

20  dismiss. To the contrary, Flex's counsel first sent Tibrio's counsel an email

21  explaining its reasons for moving to dismiss and citing Ninth Circuit authority.

22  Declaration of Lindsey Pierce ("Pierce Decl.") ¶ 3, Ex. A. These are the same

23  reasons contained in the motion to dismiss, including that Tibrio did not

24  adequately plead any element of its claims, that it did not plead the threshold

25  element that Flex committed an independently wrongful act, and that its state-law

26  claims are preempted, as argued in Flex's previous motions to dismiss. *Compare id.*,

27  Ex. A *with* ECF Nos. 15, 32.

28

DEF. FLEX MARKETING, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS

1    Flex's email correspondence also requested a meeting to discuss this
2    anticipated motion. Pierce Decl. ¶ 3. Contrary to Tibrio's indication that it was
3    ready and willing to amend, Tibrio's counsel did not respond to the letter at all, and
4    it took Flex's counsel several attempts to even receive a response. *Id.* Even then,
5    Tibrio's counsel initially refused to confer until Flex's counsel pointed out that this
6    Court's rules require the parties to meet and discuss a potential resolution. *See id.*
7    ¶ 6, Ex. B.

8        Then, during the parties' meeting, Flex's counsel requested that Tibrio
9    withdraw its 4AC given the numerous deficiencies as detailed in Flex's letter,
10   noting that Tibrio's series of haphazard and deficient complaints had wasted
11   significant judicial resources and unnecessarily forced Flex to incur significant
12   attorneys' fees. *Id.* ¶ 9. Flex's counsel noted that Flex reserved the right to seek
13   sanctions and again encouraged Tibrio to withdraw its deficient 4AC. *Id.* Tibrio
14   refused to do so. *Id.* ¶ 10.

15                              **CONCLUSION**

16       Tibrio's 4AC is its fifth attempt to state a claim for relief against Flex arising
17   from allegedly copied online materials. At each step of the way, Tibrio's successive
18   complaints have been legally baseless, requiring Flex to incur unnecessary
19   attorneys' fees and forcing the Court to spend time cleaning up after Tibrio. Most
20   recently, the Court granted Tibrio leave to file its 4AC and expressly listed the
21   required elements for Tibrio's anticipated interference claim. Yet Tibrio still failed
22   to plead any of the required elements and its 4AC must be dismissed.

23       Additionally, further leave to amend would be futile for multiple reasons:
24   (1) The subject matter of Tibrio's complaints is subject to preemption under the
25   Copyright Act and thus its state-law claims are barred as a matter of law; (2) Tibrio
26   cannot allege new facts that would be required to save its claims without
27   contradicting its original allegations; and (3) Tibrio has demonstrated through
28   multiple pleadings and the arguments in its Opposition that it cannot successfully

1  cure the deficiencies in its pleadings. The Court should dismiss Tibrio's claims for

2  negligent and intentional interference with prospective economic advantage with

3  prejudice.

4

5  Dated: January 24, 2024                    Respectfully submitted,

6                                             NEWMAN LLP

7

8                                             /s/Lindsey Pierce
                                              Derek A. Newman (SBN: 190467)
9                                             *dn@newmanlaw.com*
                                              Lindsey Pierce (SBN: 334925)
10                                            *lindsey@newmanlaw.com*
                                              Derek Linke (SBN: 302724)
11                                            *linke@newmanlaw.com*

12

13                                            Counsel for Defendant
                                              Flex Marketing, LLC
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28