Derek A. Newman (SBN: 190467)
*dn@newmanlaw.com*
Lindsey Pierce (SBN: 334925)
*lindsey@newmanlaw.com*
Derek Linke (SBN: 302724)
*linke@newmanlaw.com*
Newman LLP
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Telephone:     (310) 917-1000
Facsimile:      (310) 917-1001

Counsel for Defendant
Flex Marketing, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>FLEX MARKETING, LLC and DOES 1-100, inclusive.,<br><br>        Defendants. | Case No. 3:23-cv-01167-LL-BGS<br><br>**DECLARATION OF LINDSEY PIERCE IN SUPPORT OF MOTION TO DISMISS**<br><br>The Honorable Linda Lopez<br><br>Hearing Date: January 31, 2024 |

I, Lindsey Pierce, declare as follows:

1.    I am an attorney licensed to practice law in the state of California. I am counsel of record for Flex Marketing, LLC in this action and have personal knowledge of the facts stated below.

2.    In response to Tibrio, LLC filing its Fourth Amended Complaint ("4AC") against Flex Marketing, LLC, I drafted correspondence to Tibrio's counsel, Jacob Gillick, requesting a meet and confer about Flex's anticipated motion to dismiss for failure to state a claim for relief. A true and correct copy of my December 13, 2023 email to Mr. Gillick is attached hereto as **Exhibit A**.

3.    My December 13, 2023 correspondence to Mr. Gillick outlined the

numerous deficiencies contained in the 4AC which would be addressed in Flex's anticipated motion. My letter cited relevant legal authority and set forth the central arguments in Flex's anticipated motion to dismiss. I ended the letter by requesting a meeting to discuss.

4. Mr. Gillick did not respond to my meet-and-confer email until I sent two follow-up emails and called his office and left a voicemail.

5. When he finally responded, Mr. Gillick initially refused to meet to discuss Flex's anticipated motion. Instead, he responded, "I anticipate your motion to dismiss or settlement offer before the responsive deadline." A true and correct copy of Mr. Gillick's December 14, 2023 email is attached hereto as **Exhibit B**.

6. In response, I pointed out that this Court's Rules require counsel to meet and confer about anticipated motions. Only then did Mr. Gillick agree to confer, but claimed he wasn't able to do so until the following week.

7. The next week, at a time and date dictated by Mr. Gillick, my co-counsel Derek Linke and I met and conferred by phone with Mr. Gillick. During that meeting, I asked Mr. Gillick to respond to the issues raised in my email with respect to the deficiencies in Tibrio's 4AC and Flex's anticipated motion.

8. Mr. Gillick declined to engage in substantive discussion. He stated that Tibrio's 4AC was sufficient but offered to make some sort of further amendment if Flex stipulated.

9. Mr. Linke noted that the series of deficient complaints Tibrio had already filed in this action had wasted significant judicial resources and unnecessarily forced Flex to incur significant attorneys' fees. He requested that Tibrio withdraw its 4AC given the numerous deficiencies as detailed in Flex's letter to prevent further wasted resources and unnecessary fees and noted that Flex reserved the right to seek sanctions.

10. Tibrio refused to withdraw its 4AC.

11.	My other co-counsel in this action, Derek A. Newman, did not participate in that meet and confer call with Mr. Gillick and Mr. Gillick's claim that Mr. Newman did so is false.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: January 24, 2024

_____
Lindsey Pierce