# EXHIBIT A

**From:** Lindsey Pierce
**Sent:** Wednesday, December 13, 2023 5:04 PM
**To:** Jacob Gillick <Jgillick@Gillicklegal.com>
**Cc:** Derek A. Newman <dn@newmanlaw.com>; Derek Linke <Linke@newmanlaw.com>; Devonnie Wharton <devonnie@newmanlaw.com>
**Subject:** Tibrio's Fourth Amended Complaint

Hi Jacob,

Flex has reviewed Tibrio's Fourth Amended Complaint for claims of negligent and intentional interference with prospective economic advantage against Flex. We'd like to schedule a call or Zoom meeting with you to resolve this case without using motion practice and court resources. Are you available tomorrow, Thursday December 14 at 1pm to meet?

Flex does not believe that Tibrio's claim for negligent interference with prospective economic advantage is legally sufficient based on the standard set out in the Court's December 1, 2023 Order. Nor does Flex believe that Tibrio's claim for intentional interference with prospective economic advantage, which it included without court authorization, meets the standard laid out in applicable California and Ninth Circuit law. Critically, Tibrio has not and cannot plead two of the threshold elements required to maintain either of these claims:

**First**, Tibrio has not and cannot allege that Flex engaged in independently actionable conduct. A plaintiff alleging intentional or negligent interference with prospective economic advantage must plead and prove as an additional element that defendant's interfering act was independently wrongful for reasons other than that it diverted plaintiff's business. *Redfearn v. Trader Joe's Co.*, 20 Cal. App. 5th 989, 1005 (2018). The interfering conduct must be independently actionable because it is prohibited by some determinable legal standard, like a like a constitutional, statutory, regulatory, or common law. *Id.* Tibrio has identified no conduct that constitutes unlawful actions on Flex's part, and any allegations about misappropriation are preempted by the Copyright Act. 17 U.S.C. § 301. Indeed, Tibrio's previous attempts to accuse Flex of unlawful conduct have been dismissed by the court. Tibrio's motion will be dismissed with prejudice because it cannot plead this dispositive threshold requirement.

**Second**, Tibrio does not allege facts demonstrating the essential element that it had an existing business relationship with an identifiable third party that would have likely yielded Tibrio an economic benefit. The court will dismiss Tibrio's claims because it does not provide any factual basis upon which to determine whether Tibrio was likely to actually receive the expected benefit, making the probability of economic benefit is too speculative. *Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.*, 2 Cal. 5th 505, 516 (2017). And given that Tibrio does not identify any existing business relationships with which Flex interfered, it has not and cannot plead facts showing Flex's knowledge of the relationships, actual disruption, economic harm, or proximate cause. Tibrio has only recited the elements of its claims in a threadbare, conclusory manner. The failure to allege any facts supporting its legal conclusions cannot withstand a 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Tibrio's claims are legally deficient, even after the Court's Order identified the necessary elements and provided the relevant authority explaining the elements. So there is no reason to believe that Tibrio would adequately plead these

claims after further leave to amend. Thus, pursuing these claims will only cause the clients to incur more fees. Tibrio should withdraw its claims and cease filing meritless complaints against Flex.

Your filing of yet another legally deficient complaint against Flex qualifies as unreasonably and vexatiously multiplying the proceedings under 28 U.S.C. § 1927. Thus, the court may require you to personally satisfy the excess costs, and expenses, and attorney's fees incurred because of your vexatious and unreasonable filings.

Please let us know when you are available to discuss.

**Lindsey Pierce**

Newman LLP

**Main:** +310.917.1000
**Direct:** +310.359.8186
**Email:** lindsey@newmanlaw.com
**Web:** www.newmanlaw.com