# EXHIBIT B

**From:** Lindsey Pierce <lindsey@newmanlaw.com>
**Date:** Friday, December 15, 2023 at 12:01 PM
**To:** Jacob Gillick <Jgillick@Gillicklegal.com>
**Cc:** "Derek A. Newman" <dn@newmanlaw.com>, Derek Linke <Linke@newmanlaw.com>
**Subject:** RE: [EXTERNAL]Re: Tibrio's Fourth Amended Complaint

Jacob,

If Tibrio grants Flex an extension to file its motion to dismiss to Wednesday, December 27, then we can meet with you on Wednesday, December 20th. Otherwise, Judge Lopez's rules require us to meet today--seven days in advance of our filing--if we file our motion by the original deadline.

Please let us know if you can meet today or if you'd like to grant an extension.

**From:** Jacob Gillick <Jgillick@Gillicklegal.com>
**Sent:** Friday, December 15, 2023 10:20 AM
**To:** Lindsey Pierce <lindsey@newmanlaw.com>
**Cc:** Derek A. Newman <dn@newmanlaw.com>; Derek Linke <Linke@newmanlaw.com>
**Subject:** Re: [EXTERNAL]Re: Tibrio's Fourth Amended Complaint

Lindsey,

I am not available until next week. Does Wednesday work?

Jacob A. Gillick, Esq.
**Gillick Legal APC**
1420 Kettner Blvd. Suite 108
San Diego, CA 92101
Tel. (858) 250-0656

CONFIDENTIAL NOTICE: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain information protected by the attorney-client privilege, the attorney work product doctrine or other applicable privileges or confidentiality laws or regulations. If you are not an intended recipient, you may not review, use, copy, disclose or distribute this message or any of the information contained in this message to anyone. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of this message and any attachments. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

**From:** Lindsey Pierce <lindsey@newmanlaw.com>
**Date:** Thursday, December 14, 2023 at 2:31 PM
**To:** Jacob Gillick <Jgillick@Gillicklegal.com>
**Cc:** "Derek A. Newman" <dn@newmanlaw.com>, Derek Linke <Linke@newmanlaw.com>
**Subject:** RE: [EXTERNAL]Re: Tibrio's Fourth Amended Complaint

Jacob,

Judge Lopez requires the parties to confer about an anticipated motion. We asked for your availability and tried to reach you when you didn't respond.

You have a duty to cooperate with us. So again, please let us know your availability through tomorrow for a call.

Thank you.

**From:** Jacob Gillick <Jgillick@Gillicklegal.com>
**Sent:** Thursday, December 14, 2023 1:22 PM
**To:** Lindsey Pierce <lindsey@newmanlaw.com>
**Cc:** Derek A. Newman <dn@newmanlaw.com>; Derek Linke <Linke@newmanlaw.com>
**Subject:** [EXTERNAL]Re: Tibrio's Fourth Amended Complaint

Lindsey,

Your threat of sanctions and demands that I comply with your schedule (lack of professionalism) are not well taken. I anticipate your motion to dismiss or settlement offer before the responsive deadline.

Best,

Jacob Gillick

**From:** Lindsey Pierce <lindsey@newmanlaw.com>
**Sent:** Thursday, December 14, 2023 1:15:51 PM
**To:** Jacob Gillick <Jgillick@Gillicklegal.com>
**Cc:** Derek A. Newman <dn@newmanlaw.com>; Derek Linke <Linke@newmanlaw.com>
**Subject:** RE: Tibrio's Fourth Amended Complaint

Hi Jacob,

We have not received a response from you about your availability to meet. We called your office at 1pm today and did not reach you, so we left a voicemail. Please let us know your availability through tomorrow to discuss the anticipated motion to dismiss.
-Lindsey

**From:** Lindsey Pierce
**Sent:** Thursday, December 14, 2023 12:15 PM
**To:** Jacob Gillick <Jgillick@Gillicklegal.com>
**Cc:** Derek A. Newman <dn@newmanlaw.com>; Derek Linke <Linke@newmanlaw.com>
**Subject:** RE: Tibrio's Fourth Amended Complaint

Hi Jacob,

Since we haven't heard back from you, we will try to call your office at 1:00 p.m. today. Hope to speak with you soon.
-Lindsey

**From:** Lindsey Pierce
**Sent:** Wednesday, December 13, 2023 5:04 PM
**To:** Jacob Gillick <Jgillick@Gillicklegal.com>
**Cc:** Derek A. Newman <dn@newmanlaw.com>; Derek Linke <Linke@newmanlaw.com>; Devonnie Wharton <devonnie@newmanlaw.com>
**Subject:** Tibrio's Fourth Amended Complaint

Hi Jacob,

Flex has reviewed Tibrio's Fourth Amended Complaint for claims of negligent and intentional interference with prospective economic advantage against Flex. We'd like to schedule a call or Zoom meeting with you to resolve this case without using motion practice and court resources. Are you available tomorrow, Thursday December 14 at 1pm to meet?

Flex does not believe that Tibrio's claim for negligent interference with prospective economic advantage is legally sufficient based on the standard set out in the Court's December 1, 2023 Order. Nor does Flex believe that Tibrio's claim for intentional interference with prospective economic advantage, which it included without court authorization, meets the standard laid out in applicable California and Ninth Circuit law. Critically, Tibrio has not and cannot plead two of the threshold elements required to maintain either of these claims:

**First**, Tibrio has not and cannot allege that Flex engaged in independently actionable conduct. A plaintiff alleging intentional or negligent interference with prospective economic advantage must plead and prove as an additional element that defendant's interfering act was independently wrongful for reasons other than that it diverted plaintiff's business. *Redfearn v. Trader Joe's Co.*, 20 Cal. App. 5th 989, 1005 (2018). The interfering conduct must be independently actionable because it is prohibited by some determinable legal standard, like a like a constitutional, statutory, regulatory, or common law. *Id.* Tibrio has identified no conduct that constitutes unlawful actions on Flex's part, and any allegations about misappropriation are preempted by the Copyright Act. 17 U.S.C. § 301. Indeed, Tibrio's previous attempts to accuse Flex of unlawful conduct have been dismissed by the court. Tibrio's motion will be dismissed with prejudice because it cannot plead this dispositive threshold requirement.

**Second**, Tibrio does not allege facts demonstrating the essential element that it had an existing business relationship with an identifiable third party that would have likely yielded Tibrio an economic benefit. The court will dismiss Tibrio's claims because it does not provide any factual basis upon which to determine whether Tibrio was likely to actually receive the expected benefit, making the probability of economic benefit is too speculative. *Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.*, 2 Cal. 5th 505, 516 (2017). And given that Tibrio does not identify any existing business relationships with which Flex interfered, it has not and cannot plead facts showing Flex's knowledge of the relationships, actual disruption, economic harm, or proximate cause. Tibrio has only recited the elements of its claims in a threadbare, conclusory manner. The failure to allege any facts supporting its legal conclusions cannot withstand a 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Tibrio's claims are legally deficient, even after the Court's Order identified the necessary elements and provided the relevant authority explaining the elements. So there is no reason to believe that Tibrio would adequately plead these claims after further leave to amend. Thus, pursuing these claims will only cause the clients to incur more fees. Tibrio should withdraw its claims and cease filing meritless complaints against Flex.

Your filing of yet another legally deficient complaint against Flex qualifies as unreasonably and vexatiously multiplying the proceedings under 28 U.S.C. § 1927. Thus, the court may require you to personally satisfy the excess costs, and expenses, and attorney's fees incurred because of your vexatious and unreasonable filings.

Please let us know when you are available to discuss.

**Lindsey Pierce**

Newman LLP

**Main:** +310.917.1000
**Direct:** +310.359.8186
**Email:** lindsey@newmanlaw.com
**Web:** www.newmanlaw.com