UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIBRIO, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>FLEX MARKETING, LLC,<br><br>         Defendant. | Case No.: 23cv1167-LL-BGS<br><br>**ORDER GRANTING DEFENDANT FLEX MARKETING, LLC'S MOTION TO DISMISS PLAINTIFF TIBRIO, LLC'S FOURTH AMENDED COMPLAINT**<br><br>**[ECF No. 40]** |

  Before the Court is Defendant Flex Marketing, LLC's Motion to Dismiss Plaintiff Tibrio, LLC's Fourth Amended Complaint. ECF No. 40. Plaintiff Tibrio, LLC filed an Opposition (ECF No. 41), and Defendant Flex Marketing, LLC filed a Reply (ECF No. 42). For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

/ / /

/ / /

/ / /

/ / /

/ / /

## I.   BACKGROUND

This action has been pending since June 23, 2023 when Plaintiff Tibrio, LLC ("Plaintiff") filed its original Complaint. ECF No. 1. Plaintiff Tibrio is the owner and operator of the website thesavvysampler.com and claims that Defendant Flex Marketing, LLC ("Defendant") used Plaintiff's property (i.e., advertisements) without Plaintiff's permission. ECF No. 37 ¶¶ 4-7, 9-10.

Plaintiff originally filed a claim for copyright infringement, violation of California's Unfair Competition Law ("UCL"), and unjust enrichment. ECF No. 1. Approximately one month after filing the original Complaint, Plaintiff filed a First Amended Complaint ("FAC") which maintained the claim for copyright infringement and violation of California's UCL and withdrew the unjust enrichment claim. ECF No. 12. Defendant filed a Motion to Dismiss the FAC on the grounds that Plaintiff's claim for copyright infringement fails to state a claim for relief because Plaintiff does not have a copyright registration for the allegedly infringed works and because the California UCL claim is preempted by the Copyright Act. ECF No. 15. Subsequently, on September 28, 2023, Plaintiff filed a Second Amended Complaint which withdrew the copyright claim but maintained the California UCL claim. ECF No. 23. On October 5, 2023, this Court issued an Order to Show Cause why this action should not be dismissed for lack of subject matter jurisdiction because the "SAC lacks sufficient factual allegations to establish diversity jurisdiction." ECF No. 28. Specifically, this Court noted that the SAC contained only "one conclusory sentence regarding diversity jurisdiction which the Court [found] inadequate to plead jurisdiction." *Id*. The Court ordered Plaintiff to either show cause why the action should not be dismissed for lack of subject matter jurisdiction or file a third amended complaint that corrects the noted deficiencies. *Id*. On October 12, 2023, Plaintiff filed a Third Amended Complaint ("TAC") which maintained only the California UCL claim. ECF No. 29. On December 1, 2023, this Court dismissed Plaintiff's UCL claim for failure to state a claim, and granted Plaintiff's request for leave to file a Fourth Amended

1  Complaint to add a claim for negligent interference with prospective economic advantage. ECF No. 35.

On December 8, 2023, Plaintiff filed a Fourth Amended Complaint alleging two claims: (1) intentional interference with prospective economic advantage, and (2) negligent interference with prospective economic advantage. ECF No. 37. Presently before the Court is Defendant's Motion to Dismiss Plaintiff Tibrio's Fourth Amended Complaint on the grounds that the operative complaint "again only includes conclusory allegations lacking factual support, and thus fails to state a claim under both causes of action it asserts." ECF No. 40. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted" – generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a recognizable theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' ... it [does] demand ... more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow ... the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, "or other allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## III. DISCUSSION

Defendant argues:

> [Plaintiff's] tortious-interference claims fail for at least two reasons. First, they are preempted by the federal Copyright Act, 17 U.S.C. § 301. The Copyright Act preempts state-law claims that fall under its subject matter and assert rights equivalent to those provided to copyright holders. Given that Tibrio asserts that Flex misappropriated its webpage content, Tibrio's claim is equivalent to a claim asserted under the Copyright Act and is thus preempted. . . .
>
> Second, Tibrio does not allege facts sufficient to show any of the required elements of its negligent or intentional interference claims. Interference claims require showing that the defendant's conduct was independently wrongful – meaning proscribed by and actionable under a separate legal standard for reasons other than that the alleged conduct diverted the plaintiff's business. Tibrio fails to identify any legal standard that Flex violated and thus fails to allege the threshold element required for either claim. Furthermore, Tibrio does not sufficiently allege whether any third-party relationships existed, whether they would yield Tibrio economic benefit, whether Flex knew of the relationships, how Flex interfered, or what economic benefit Tibrio lost. Instead of supporting any element of its claims with factual allegations, Tibrio recites the elements in a threadbare and conclusory manner.

Motion to Dismiss at 7-8.

Plaintiff opposes on the grounds that "Plaintiff can cure the alleged deficiencies cited by Defendant and has provided examples of those cures [in the Opposition]." Oppo. at 5. Plaintiff further argues:

> Defendant's arguments regarding preemption by Copyright laws, even though Plaintiff is not protected by the Copyright Act, fails. Flex is seeking a ruling which will allow it to steal the work of its competitors with impunity. Flex also seeks to punish Plaintiff for having to amend its claim and perfect its Complaint by harping on the fact that this is the fourth amendment. Nonetheless, Plaintiff requests leave to amend the [Fourth Amended Complaint] to resolve the alleged deficiencies.

*Id.* at 5-6.

In Defendant's Reply, Flex argues that "[g]iven this Court's discretion to determine whether leave to further amend is proper, the court should not allow Tibrio to continue wasting judicial resources and forcing Flex to incur yet more attorneys' fees responding to legally baseless complaints." Reply at 2.

As discussed below, the Court finds that Plaintiff has failed to plead sufficient facts to state a claim for relief under the *Twombly/Iqbal* standard as to both tortious interference claims in the Fourth Amended Complaint.[1] The Court also concludes that at this procedural posture, leave to amend will be futile, and dismisses both claims with prejudice.

### A. Intentional and Negligent Interference with Prospective Economic Advantage Claims

The tort of intentional interference with prospective economic advantage requires the following elements be met:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003).

The elements are the same for negligent interference, except the plaintiff must also allege that the defendant owed her a duty of care, and that the defendant was negligent, rather than intentional, in its conduct. *J'Aire Corp. v. Gregory,* 24 Cal. 3d 799, 805, 157 Cal. Rptr. 407 (1979). "[A] plaintiff seeking to recover for alleged interference with prospective economic relations has the burden of pleading and proving that the defendant's

---

[1] The Court declines to rule on the parties' arguments regarding whether the Copyright Act preempts Plaintiff's claims given the deficiencies on the face of Plaintiff's operative Complaint.

interference was wrongful 'by some measure beyond the fact of the interference itself.'" *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 392–93, 45 Cal. Rptr. 2d 436 (1995).

Defendant argues that the two claims for interference with prospective economic relations fail because Plaintiff fails to allege that Flex committed an "independently wrongful act that diverted Tibrio's business." Motion to Dismiss at 14. Additionally, Defendant argues that Plaintiff "fails to plead facts supporting the existence of an economic relationship, between it and some third party, that contains the probability of future economic benefit to Flex." *Id*. at 17. The Court will first address the threshold issue of whether Plaintiff adequately alleged an independently wrongful act, and then later discuss the remaining required elements.

### (1) Independently Wrongful Act

First, the Court agrees with Flex that Tibrio did not sufficiently allege that Flex committed an independently wrongful act. "An act is not independently wrongful merely because the defendant acted with an improper motive." *Korea Supply*, 29 Cal. 4th at 1138. "An act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, or common law, or some other determinable legal standard." *Id*. Plaintiff argues in the Opposition that the UCL claim that this Court already dismissed with prejudice in its December 1, 2023 Order serves as the independent wrongful act. Oppo. at 10-11 ("[T]he acts of Defendant violated the UCL [as alleged in the Third Amended Complaint] which would be [sic] satisfy the unlawful act pleading standard."). Plaintiff states that "[i]f the Court finds that these allegations must be further specified, Plaintiff requests leave to amend these two newly alleged causes of action and include references to the UCL." *Id.* Plaintiff also states that "in the alternative, [it] requests leave to amend to include allegations of how the acts were wrongful to a third party." *Id.*

As an initial matter, Plaintiff's previously dismissed UCL claim cannot satisfy the "independently wrongful conduct" element. *See, e.g., BioResource, Inc. v. U.S. Pharmaco Distrib., Ltd.*, 2010 WL 2763681, at *3 (N.D. Cal. July 13, 2010) (finding that plaintiff

could not base the "independently wrongful conduct" element of the intentional interference claim on its previously dismissed UCL claim); *see also Redbox Automated Retail, LLC v. Buena Vista Home Entm't, Inc.*, 399 F. Supp. 3d 1018, 1033 (C.D. Cal. July 17, 2019) (dismissing complaint where plaintiff included conclusory allegations without specifying how the conduct was unlawful). Plaintiff's arguments fail because this Court already dismissed Tibrio's UCL claim for seeking an inappropriate remedy. Further, the Fourth Amended Complaint does not even allege that the UCL claim was the basis for the independently wrongful act; Plaintiff belatedly attempts to make this argument in the Opposition which is insufficient. *See* Fourth Amended Complaint and Oppo. at 11. Although the Court's analysis could stop here, it will address the remaining deficiencies in Plaintiff's operative complaint.

### (2) Existence of an Economic Relationship

Even if Plaintiffs had sufficiently alleged an independently wrongful act, Defendant argues that "Tibrio fails to plead facts supporting the existence of an economic relationship, between it and some third party, that contains the probability of future economic benefit to Flex." Motion to Dismiss at 17. Alleging the existence of an economic relationship or advantage requires alleging "a 'particular relationship or opportunity with which defendant's conduct is alleged to have interfered' rather than vague allegations regarding a relationship with an 'as yet unidentified' customer." *Weintraub Fin. Servs. v. Boeing Co.*, 2020 WL 6162801, at *8 (C.D. Cal. Aug. 7, 2020). "To show [such] an economic relationship, the cases generally agree that it must be reasonably probable the prospective economic advantage would have been realized but for defendant's interference." *Song v. Drenberg*, No. 18-cv-06283-LHK, 2019 WL 1998944, at *7-8 (N.D. Cal. May 6, 2019) (granting the defendant's motion to dismiss a tortious interference with prospective business relations claim because the court found the plaintiff's claim, which revolved around the plaintiff's loss of relationships with two third parties, was "not enough to state a claim for tortious interference with prospective business relationships."). A plaintiff must allege not just "an economic relationship between the plaintiff and some third party" but

also the probability of future economic benefit to the plaintiff." *Korea Supply Co.*, 29 Cal. 4th at 1153.

Here, Plaintiff's Fourth Amended Complaint contains nothing more than vague allegations in support of its negligent interference with prospective economic advantage claim as follows: "Plaintiff and different advertisers and publishers have been in an economic relationship that probably would have resulted in future economic benefit to Tibrio." Fourth Amended Complaint ¶ 29. Similarly, in support of its intentional interference with prospective economic advantage claim, Plaintiff alleges "Plaintiff and advertisers or publishers were in an economic relationship that probably would have resulted in an economic benefit to Plaintiff." *Id.* ¶ 34. Plaintiff in the Opposition concedes that it has not met its burden at the pleading stage and requests "leave to amend in order to name some clients such as Digital Media Solutions, Powersource, and SelectQuote in the Complaint as examples of advertisers/publishers whom Flex interrupted relations with." Oppo. at 13. Plaintiff further requests leave to amend to add additional details about a "very specific advertisement" that Flex allegedly stole "with knowledge that it would generate specific leads that advertisers/publishers are looking for." *Id.* at 14. In sum, Plaintiff fails to plead facts supporting the existence of an economic relationship, between it and some third party, that contains the probability of future economic benefit to Flex.

### (3) Defendant's Knowledge of the Relationship

Plaintiff also fails to plead sufficient facts to establish the element of Defendant's knowledge of the relationship. Tibrio alleges that Flex had "actual and construed" knowledge of Tibrio's business relationships "as it engages in the same industry" and "is in the same type of business." Fourth Amended Complaint ¶¶ 30, 35. This is insufficient to show knowledge of an economic relationship. *See, e.g., Soil Retention Products v. Brentwood Industries, Inc.*, 521 F. Supp. 3d 929, 962 (S.D. Cal. 2021). Plaintiff states in the Opposition that "Tibrio is prepared to name some of the clients." Oppo. at 13. Plaintiff further argues that it "has sufficiently alleged that there is knowledge" and that "Flex also stole a very specific advertisement with knowledge that it would generate specific leads

that advertisers/publishers are looking for." *Id*. at 14. Plaintiff states in the Opposition that it "is prepared to add these additional details to the Complaint if this Court deems it proper." *Id*.

The Court finds that Plaintiff's Fourth Amended Complaint contains nothing more than conclusory allegations that Defendant allegedly knew of Plaintiff's economic relations with other parties. Plaintiff's broad allegations do not create a plausible basis to conclude that Defendant had knowledge of Plaintiff's alleged business relationships, and Plaintiff's belated attempt to file yet another amended complaint to include these details is unfounded. Also, Plaintiff's argument in the Opposition about Flex stealing a "specific advertisement" is not even mentioned in the Fourth Amended Complaint. In sum, Plaintiff's conclusory allegations that Defendant had "actual and construed" knowledge of Tibrio's business relationships fail to state a plausible claim for relief under the *Twombly/Iqbal* standard.

### (4) Intentional and/or Negligent Acts on Part of the Defendant Designed to Disrupt the Relationship

As set forth above in section (A)(1), in support of the intentional interference with prospective economic relations claim, Plaintiff's conclusory allegation that "Defendant engaged in the intentional acts described above which w[ere] designed to disrupt the relationship," fails to state a plausible claim for independently wrongful conduct. Similarly, in support of the negligent interference claim, Plaintiff has failed to and cannot show that Defendant owed Plaintiff a duty of care. *See Stolz v. Wong Commc'ns Ltd. P'ship*, 31 Cal. Rptr. 2d 229, 238 (Ct. App. 1994) (tort of negligent interference with economic advantage only arises when the defendant owes a duty of care). When two parties are business competitors, such a duty of care cannot exist. *Id*. Here, Plaintiff alleges that Tibrio and Flex "engage in the same industry" and "are in the same type of business." Fourth Amended Complaint ¶¶ 22, 30, 37. Plaintiff's concedes in the Opposition that the operative Complaint is deficient on this element and requests leave to amend yet another time to allege the elements necessary to establish a duty of care. Oppo. at 15. For the reasons set forth below, the Court denies Plaintiff's request to amend.

### (5) Actual Disruption of the Relationship

Regarding the element of "actual disruption of the relationship," Plaintiff once again concedes that it has not adequately met its burden and "requests leave to amend the complaint with further details [to name specific entities whose relationship was interrupted]." Oppo. at 15. For the reasons set forth below, the Court denies Plaintiff's request to amend.

### (6) Economic Harm Proximately Caused by Defendant's Actions

In support of the element of economic harm proximately caused by defendant's actions, Plaintiff's conclusory allegation that "economic harm has been caused by the Defendant's actions" is insufficient. Fourth Amended Complaint ¶ 37. Tibrio claims in the Opposition that "Flex intentionally copying the advertisements of Tibrio to obtain specific leads sought by advertisers and publishers has caused Tibrio economic harm." Oppo. at 15-16. However, this allegation is nowhere in the Fourth Amended Complaint and Plaintiff's belated attempt to make this argument in the Opposition does not suffice. Plaintiff states in the Opposition that it has also "agreed to name specific relationships which were disrupted and further[] the argument of economic harm." *Id.* at 16. Plaintiff has already been given multiple attempts to amend its complaint and the conclusory allegation in support of this element fails to demonstrate the proximate causal connection between Flex's alleged conduct and Tibrio's alleged loss.

### B.     Leave to Amend

Federal Rule of Civil Procedure 15 states that courts "should freely give leave [to amend] when justice so requires." "But a district court need not grant leave to amend where the amendment (1) prejudices the other party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss – an amended complaint is futile when it would be subject to dismissal." *Woods v. First Am. Title, Inc.*, No. CV111284GHKVBKX, 2011 WL

13218022, at *2 (C.D. Cal. Sept. 20, 2011). Here, this case has already been pending for nine months and is still in the pleading phase. The Court in its December 1, 2023 Order already gave Plaintiff significant guidance regarding what facts were deficient in the operative Complaint, and notwithstanding this guidance, Plaintiff's Fourth Amended Complaint still fails to allege sufficient facts to meet the requisite pleading standard. Accordingly, the Court finds any further amendment at this procedural posture would be futile. The Court declines to grant leave to amend.

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's Fourth Amended Complaint (ECF No. 37) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: March 26, 2024

Honorable Linda Lopez
United States District Judge